# CHARLESTON.

## BANK *v.* CORDER.

*(GREEN, JUDGE, absent.)

Submitted January 19, 1889 —Decided February 25, 1889.

1. DEED—HUSBAND AND WIFE.
   A deed of conveyance bearing date the 8th day of June, 1850, to a husband and wife residing in Barbour county, then in Virginia, for a tract of land situated in said county did not confer upon the husband title to the undivided moiety of said land, but said husband and wife took by entireties. (p. 241).

2. DEED—HUSBAND AND WIFE—DEBTOR AND CREDITOR.
   A creditor of the husband files a bill to subject the real estate of the husband to the payment of his debt. It is error in the court upon the above state of facts in regard to the acquirement of title by the husband and wife to hold, that the husband is entitled in fee-simple to the undivided one half interest in said tract of land, and to direct said undivided half to be sold for plaintiff's debts. (p. 243.)

3. DEED—FRAUD—DEBTOR AND CREDITOR.
   Although a deed may be fraudulent and void as to creditors, it is nevertheless valid and binding between the parties to the fraud, which brought it into existence; and it is error in the court to set aside and annul such deed *in toto*. (p. 242.)

*On account of illness.

4. DEED—HUSBAND AND WIFE—DEBTOR AND CREDITOR.

A deed of conveyance is made directly from the husband to the wife for a tract of land, and as part of the consideration she agrees to pay B. $300.00 and H. $100.00 with interest on said amounts, which the husband owes to B. and H., and to secure which amount the vendor's lien is reserved. Although said deed may be set aside as to general creditors as fraudulent, the liens thus reserved must be respected as liens on the equitable title conveyed as of the date of the recordation of said deed, if said claims are valid in other respects. (p. 241 )

*J. Bassell* and *Dayton & Dayton* for appellants.

*S. V. Woods* for appellee.

ENGLISH, JUDGE:

In November, 1884, the Farmer's Bank of Phillippi filed its bill in the Circuit Court of Barbour county against Thomas Corder and Elizabeth Corder, his wife, Anthony F. Daniels, Erwin Douglas, John H. Daniels, Benjamin Bartlett and James E. Heatherly under the Code c. 133, s. 2, which provides: "A creditor before obtaining a judgment or decree for his claim may institute a suit to avoid a gift, conveyance, assignment or transfer of or charge upon the estate of his debtor, which he might institute after obtaining such judgment or decree, and he may in such suit have all the relief in respect to said estate, which he would be entitled to after obtaining a judgment or decree for the claim, which he may be entitled to recover."

In its bill the plaintiff alleges, that on the 10th day of May, 1884, the defendants Anthony F. Daniels, Erwin Douglas, Thomas Corder and John H. Daniels executed to it their promissory note for $1,500.00 due 120 days after date, and thereby jointly and severally promised to pay plaintiff or order at its banking house in Phillippi the sum of $1,500.00 with interest after maturity at eight *per cent. per annum*, the whole of which remains unpaid; that at the time said note was made, and at the time of making the voluntary conveyance thereinafter named, the defendant Thomas Corder was the owner in fee-simple of the undivided one half of a certain tract of land in said county, containing 168½ acres, which was conveyed to him and his wife, the said Elizabeth Corder, as tenants in common by Peter Zinn and wife by

deed dated the 8th day of June, 1850, also a tract of about eight acres being his share of the upper meadow devised to him and David Zinn by the last will and testament of Peter Zinn, also of about three acres, which were devised by the same will, which bears date May 1, 1866, and also of a tract of eight acres adjoining said 168½-acre tract, which was conveyed to said Thomas Corder by Nancy Heatherly and others by deed dated May 1, 1854, and of another tract containing 11¼ acres adjoining said 168½ acre tract, which was conveyed to him by Henry O. Middleton by deed dated February 2, 1853.

The plaintiff also alleges, that on the 23d day of August, 1884, said Thomas Corder conveyed to his wife all of said real estate; also one bay horse, one white cow, three hogs and ten sheep, part of the personal property then owned by him, with intent to hinder, delay and defraud the plaintiff in the collection of its said claim for the pretended and false consideration of a debt of $964.00 therein recited to be due from him to his said wife for borrowed money, and for the further consideration of $300.00 to be paid by his wife with its accrued interest to the defendant, Benjamin Bartlett, and $100.00 to be paid with its accrued interest by her to the said James E. Heatherly, which last two sums are charged upon said land as a lien by the terms of said conveyance; that, at the time said conveyance was made, said Thomas Corder was not indebted to his said wife, and that she well knew the intent, with which said conveyance was made; that between the time of the execution of said note and the execution of said last-named deed the defendants Anthony F. Daniels and John H. Daniels became and still remain utterly insolvent and worthless, of which fact the defendant Thomas Corder had notice, at the time he executed the said last-named deed, and that said deed conveyed all the real estate owned by said Thomas Corder: that at the time this suit was brought, to wit, on the 8th day of October, 1884, the plaintiff sued out an attachment therein, which on the same day was duly levied upon all the lands of the defendant, Thomas Corder.

The plaintiff prayed, that the said conveyance made by said Thomas Corder to his wife, Elizabeth Corder, might be cancelled and annulled as to the plaintiff's claim; that said

claim might be charged as a lien upon the land and personal property thereby conveyed, and that said attachment-liens might be enforced against said land by subjecting the same to sale.

At the December rules, 1884, the defendants Thomas Corder, James E. Heatherly and Benjamin Bartlett demurred to the plaintiff's bill, the last two-assigning as cause of demurrer, that the bill is insufficient on its face, because it avers its demand to be a lien, and prays its enforcement as against the land conveyed to Elizabeth Corder; that there is no lien in fact, unless it arise under the attachment, which is a suit by itself apart from the matter of the bill, and which must stand or fall on the case made on it, nor is the attachment-order by its levy a lien or charge, unless sustained at the trial thereof and final judgment thereon; that the deed of Corder creates a lien and charge from the date of its recordation in favor of demurrants for their valid debts set out in said deed, as to which said Elizabeth Corder is made their trustee, and they have a prior and valid lien and charge over the plaintiff on said land; that the plaintiff's bill is defective in making no allegations concerning their interest, neither admitting nor denying them; that, if said bill was to be taken for confessed, there would be no foundation for any decree against them, and that it would be manifest error for the court to annul said deed and decree for the plaintiff to the prejudice of demurrants in the absence of all such averments made in its said bill, and the recitals of the deed in favor of their demands must stand before the court as valid till assailed; that there are in fact no allegations for the demurrants to have or maintain any issue or controversy about; and they insist, that the bill is demurrable and should be dismissed with costs.

An amended bill was filed by plaintiff at November rules, 1885, merely alleging, that, since they become seized of the lands alleged to have been conveyed to them by Peter Zinn, there have been born unto said Cordor and wife many children capable of inheriting the estate, who are still living.

At the March term, 1885, said demurrers were overruled by the court, and on the 15th day of July, 1885, the defendants, Thomas Corder and Elizabeth Corder, filed their

answers to the bill, in which they admit the execution of the note for $1,500.00 in the bill mentioned, payable as therein stated, and allege, that said note provided for the payment of an usurious and illegal rate of interest after maturity. They deny, that said Thomas Corder was the owner with the defendant Elizabeth, as tenants in common, of a tract of 168½ acres of land, as stated in plaintiff's bill, and claim, that the deed from Peter Zinn dated June 8, 1850, vested in each of respondents the entirety, with the right to the survivor to take the whole, and consequently said Thomas did not on the 10th day of May, 1884, and on the 23d day of August, 1884, have the right and title to one half of said land. They deny, that said deed of August 23, 1884, for said 168½ acres and the other parcels of land therein described together with the personal property therein described was made with intent to delay, hinder and defraud the creditors of said Thomas Corder, and more particularly to hinder, delay and defraud the plaintiff in the collection of its said debt, and they call for full proof thereof. They also say, that on the 23d day of August, 1884, and for a period long prior thereto the said Thomas did owe the said Elizabeth the sum of $964.00 for money of said Elizabeth, which was her separate estate lent by her to said Thomas, and for which she had held his note since the 9th of February, 1880. They admit, that they knew their co-defendant, A. F. Daniels, was insolvent, when said deed of August 23, 1884, was executed, but deny, that they knew, that John H. Daniels was in the same condition. They admit, that an attachment was sued out and levied upon the property as alleged in the bill, but aver, that the allegations in the affidavit are not true.

The defendant Heatherly and Bartlett filed their joint answer denying any fraud in the deed of August 23, 1884, from Thomas Corder, to Elizabeth Corder, so far as they are concerned, claiming, that Thomas Corder was justly indebted to respondent Bartlett in the sum of $300.00 for borrowed money, and that he was also justly indebted to respondent Heatherly in the sum of $100.00, both of which sums were due and had been bearing interest for some time previous to that time; that said deed was made by said Thomas to said Elizabeth for the purpose of securing their

just debts and without any fraud or fraudulent intent on the part of any one, so far as these respondents knew, and certainly so far as their participation therein was concerned; that a vendor's lien was retained on the face of said deed to secure these respondents their just debts aforesaid; and they ask, by way of affirmative relief, that the decree setting aside said deed as fraudulent may be set aside, cancelled and annulled, at least so far as it deprives them of the security therein contained for their just debts, which remain wholly unpaid; and that the vendor's lien therein contained may be enforced in favor of them, and for general relief.

On the 21st day of July, 1886, a decree was rendered in said cause, reciting that the same was heard upon the attachment sued out therein and levied on the 23d day of October, 1884, by the sheriff of Barbour county upon the lands mentioned in said levy upon the process duly executed upon all the defendants *etc.*, the joint answer of Thomas and Elizabeth Corder, general replication thereto, and upon the exhibits and arguments of counsel. On consideration whereof the court below held, that the deed made by Thomas Corder to his wife, Elizabeth Corder, on the 23d day of August, 1884, is fraudulent and void as to the plaintiff, and set aside and annulled said deed and referred the cause to a commissioner to ascertain and report the lands owned by Thomas Corder, the state and condition of the title thereto, the annual rental value thereof, the liens thereon and their character, amount and priority, and the annual rental value of the moiety of Elizabeth Corder in the 168½ acre tract, also the value of the personal property mentioned in said deed; and whether the same or any part thereof has been aliened since the institution of said suit.

Said commissioner on the 24th day of September, 1886, proceeded to execute said reference, closing his report on the 28th day of September, 1886, and reported, that Thomas Corder was the owner of the following tracts of land: One tract of three acres, another tract or moiety thereof known as the "Upper Meadow," (see Peter Zinn's will marked "D"); also another tract of eight acres conveyed to him by Nancy Heatherly *etc.;* also another tract of 11¼ acres conveyed to him by Henry O. Middleton, and a moiety

of 168½ acres conveyed to him and Elizabeth Corder and her heirs by Peter Zinn, referring to copies of said deeds and will filed with plaintiff's bill, and reporting the title good, so far as he could ascertain. Said commissioner also reported the annual rental value of said lands and the value of the personal property and the following liens on said lands: (1) A judgment in favor of J. N. B. Crim against Joseph Martiny and Thomas Corder, $130.84; (2) lien in favor of Farmers' Bank of Phillippi against Thomas Corder and others, $1,708.33; (3) a judgment in favor of J. N. B. Crim against Thomas Corder, $452.20; (4) a decree of the Circuit Court of Barbour county, dated March 17, 1886, for costs against Thomas Corder for $25.55. Said commissioner also reported by way of pertinent matter at the request of Elizabeth Corder, Benjamin Bartlett and James E. Heatherly, defendants in said suit, that they claimed their respective debts with interest on each, named in the deed to Elizabeth Corder dated August 23, 1884, filed among the papers of the cause as Exhibit H.

Said commissioner's report was excepted to by plaintiff, because it failed to report Thomas Corder as the owner in fee of said 168½ acre tract of land instead of a moiety thereof. The defendants, Thomas Corder and Elizabeth Corder, also except to said report, upon the ground that only the life-estate of Thomas Corder during the joint lives of said Thomas and Elizabeth in the 168½ acres of land is liable to be subjected to the payment of plaintiff's debt. The defendants, Bartlett and Heatherly, excepted to said report, because their debts were not reported as vendors' lien upon the lands of said Thomas Corder.

This was the attitude of the case, when it was brought on to a final hearing on the 30th day of October, 1886, when the court overruled said exceptions to said commissioner's report and confirmed the same in all respects, holding that the said Thomas Corder was the owner in fee of said three acres, said eight acres, his share of the upper-meadow tract, of eight acres conveyed to him by Nancy Heatherly etc., eleven and a quarter acres conveyed to him by Henry O. Middleton, and also of one undivided half interest in his home-tract of 168½ acres devised to him and his wife by

Peter Zinn, situated in Barbour county, and confirming the finding of said commissioner as to the amount and priorities of the liens existing against said lands, and directing a sale of said lands or so much thereof as may be necessary to pay off said liens.

The first assignment of error relied on by the appellants is, that the demurrer to the bill should have been sustained. Although in this case the court without acting *pro forma* upon the demurrer proceeded to determine and adjucate the principles of the cause in favor of the plaintiffs, yet in accordance with the ruling of this court in the case of *Hinchman* v. *Ballard*, 7 W. Va. 152, fifth point of syllabus, " it will be considered that the court in rendering the decree adjudicating the principles of the cause considered the sufficiency of the bill and substantially overruled the demurrer thereto," and for the purposes of this case the demurrer filed by the defendants must be considered to have been overruled. Did the court below commit an error in this ruling ?

As I understand the practice, a demurrer admits the matters stated in the bill, which are well pleaded, that is, matters of fact. It does not admit matters of law, which are suggested in the bill or inferred from the facts stated. If then the facts alleged in the bill in regard to the conveyance made by said Thomas Corder be taken as true, the court acted properly in overruling the general demurrer filed by him. As to the demurrer filed by Benjamin Bartlett and James E. Heatherly the plaintiff in its bill alleges, that said Thomas Corder made said conveyance to his wife of said real and personal property for the pretended and false consideration of a debt of $964.00 therein recited to be due from him to his said wife for borrowed money, and the further consideration of $300.00 to be paid with its interest to Benjamin Bartlett, and $100.00 to be paid with its accrued interest by her to the said James E. Heatherly, which last two sums are charged as a lien by the terms of said conveyance, and the prayer of the bill is that said conveyance made by Thomas Corder to his wife may be cancelled and anulled as to plaintiff's claim.

Now, while it is true that no action is prayed against the defendants, Bartlett and Heatherly, they are necessary parties

to the bill brought by plaintiff to subject the said tract of land to sale: It is not alleged in the bill, that their claims are fraudulent, or that the liens reserved in their favor by said deed are invalid; neither is there any prayer, that the lien reserved in their favor may in any manner be disregarded. Their interests are not assailed by the bill, and I think the court acted properly in disallowing their demurrer; but upon the hearing I am of opinion, that their liens should have been respected, and the commissioner should have given them a proper place in his account when stating the liens against said land and their priorities, which would be the date said deed was recorded, as their liens created by said deed must be respected as of that date.

Upon the case presented by the pleadings and exhibits, and in the absence of other evidence, as there seems to have been no depositions taken in the cause by either party, and under the circumstances appearing from the record, the defendant, Thomas Corder, having executed the promissory note for $1,500.00 payable four months after date, one or two of those who signed said note with him becoming insolvent, as it alleged in the bill and admitted in the answer, and about three and a half months after said note was executed, a conveyance having been made to his wife, not only of all the real estate he owned but also a considerable portion of his personalty in consideration, as said Elizabeth says in her answer, for $964.00 out of her separate estate, which she loaned him and took his note for as far back as February, 1880, I am of opinion under the rulings of this court, that in the absence of any proof on the part of the defendants Thomas Corder and Elizabeth Corder of the good faith of the transaction between them the court below properly concluded, that a case was presented, which would justify it in setting aside said deed of conveyance from Thomas Corder to his wife, Elizabeth Corder, as to his creditors.

In the case of *Burt* v. *Timmons*, 29 W. Va. 442 (2 S. E. Rep. 781), fifth point of syllabus, the Court holds: "A transfer of property, either directly or indirectly, by an insolvent husband to his wife, is justly regarded with suspicion, and unless it clearly appears to have been entirely free from intent to withdraw the property from the husband's creditors,

or the presumption of fraud be overcome by satisfactory affirmative proof, it will not be sustained."

In the case of *Lockhard* v. *Beckley,* 10 W. Va. 88, ninth point of syllabus it is held : "Fraud is to be legally inferred from the facts and circumstances of the case, when those facts and circumstances are of such a character as to lead a reasonable man to the conclusion that the conveyance was made with the intent to hinder, delay, or defraud existing or future creditors."

Also, in *Core* v. *Cunningham,* 27 W. Va. 206, this Court held : "Transfers of property, either directly or indirectly by an insolvent husband to his wife during coverture, are justly regarded with suspicion ; and unless it clearly appears that the consideration was paid from the separate estate of the wife, or by some one for her, out of means not derived either directly or remotely from the husband, such transfers will be held fraudulent and void as to the creditors of the husband."

The decree however rendered in this cause on the 21st day of July, 1886, decides, that the deed made by Thomas Corder on the 23d day of August, 1884, to his wife, Elizabeth Corder, is fraudulent and void as to the plaintiff, and then proceeds to order, that said deed be set aside and annulled. This decree, as has been frequently held by this Court, is erroneous in directing that said deed be set aside and annulled *in toto,* because the deed would be held good as between the parties, and should only have been set aside as to the creditors of the grantor, and should have been held valid, so far as it provides for securing the debts of Bartlett and Heatherly therein mentioned.

Again, the final decree rendered in this cause on the 30th day of October, 1886, overrules the exceptions to the commissioner's report and, holding, that the defendant, Thomas Corder, is the owner in fee of the undivided half of the tract of 168½ acres conveyed to him and his wife, Elizabeth Corder, by Peter Zinn, directs the sale of said undivided half of said tract of land by a special commissioner therein appointed. The deed from Peter Zinn to said Thomas Corder and Elizabeth Corder bears date on the 8th day of June, 1850; and in the case of *Breckenridges* v. *Todd,* 3 T. B. Mon. 52, it is held, that the

date of a deed is presumed to be the time of its delivery. See also *Renick* v. *Ludington*, 20 W. Va. 512, 567. As the law was at the time of the execution and delivery of said deed, and as it remained until the 1st day of July, 1850, when the Code of 1849 took effect, an estate given to a wife and husband was not joint tenancy ; each party took the entirety, and the survivor took the whole. See the case of *Thornton* v. *Thornton*, 3 Rand. (Va.) 179.

As to the deed from said Thomas Corder to his wife, while inoperative and void at law, it was nevertheless valid in equity and conferred upon said Elizabeth Corder a good and equitable estate, which in all cases could be enforced against the husband by a cout of equity. See *McKenzie* v. *Railroad Co.*, 27 W. Va. 306. And such would be the effect of said deed, if free from fraud and valid, in other respects.

Again, as to the character of the title acquired by husband and wife, where a deed was made to them as in this case. In the opinion rendered by the court in *Bank* v. *Gregory*, 49 Barb. 155, JOHNSON, J., says : "To my mind it is a very clear proposition, that our recent statutes for the better protection of the separate property of married women have no relation to or effect upon real estate conveyed to husband and wife jointly. This was held by SUTHERLAND, J., at special term, in *Goelet* v. *Gori*, 31 Barb. 314. In such a case the wife has no separate estate, but is seized with the husband of the entirety, neither having any separate or severable part or portion, but the two, as one in law, holding the entire estate. They hold thus not as joint tenants or as tenants in common but as tenants by entireties ; and the same mode of conveyance, which would make two other persons joint tenants, will make the husband and wife tenants of the entirety,"—referring to *Jackson* v. *Stevens*, 16 Johns. 110; *Rogers* v. *Benson*, 5 Johns. Ch'y 431; and also to 2 Kent. Comm. 132, where it is said : "If an estate in land be given to the husband and wife, or a joint purchase be made by them during coverture, they are not properly joint tenants, nor tenants in common, for they are but one person in law, and cannot take by moieties. They are both seized of the entirety, and neither can sell without the consent of the other, and the survivor takes the whole."

In 1 Bish. Mar. Wom., under the head of estates by entireties, (section 621) the author says: "If the husband undertakes to aliene the estate, it is nugatory as against the wife, who may enter as survivor on his death." The books contain numerous expressions, from which it would even seem further to follow, that the sole conveyance of the husband, whether in terms broad or narrow, carries with it no estate and is a mere nullity not only as against the wife, who did not join in it, but also as against himself. In section 622, in speaking of the liability of such estate for the husband's debts, Bishop says: "For the same reason, that the husband's life-interest in the estate under consideration may be conveyed by his deed, it may also in just principle be seized by his creditor for his debt. There are some doubts and contradictions in the books on this point, but such is believed to be the more prevailing doctrine on authority. And it has been held that in such a case the sale of the husband's interest for his debt takes from him all his estate, whatever it may be, in the land."

If these authorities propound correctly the law upon the subject under discussion, as it existed previous to July, 1850, the commissioner manifestly erred when he reported, that the defendant, Thomas Corder, was the owner of a moiety of 168½ acres conveyed to him and Elizabeth Corder, his wife, and her heirs by Peter Zinn. Said Thomas Corder is entitled to a life-estate in said land, and in the event of surviving his said wife to the entire estate, but in the event she survives him, the estate would go to her. Whatever estate then the said Thomas Corder may eventually have in said 168½ acres of land, he surely did not own an undivided half of said land in fee simple, as the plaintiff claims in his bill, and as a commissioner found in his report; and I am of opinion, that the court erred in confirming said report and directing a sale of the interest so ascertained in satisfaction of the plaintiff's claim.

The appellants assign as an additional error, that "the court erred in not directing an inquiry as to the lands of the co-surety, Douglas, attached in the cause." But, so far as appears from the allegations of the bill, or the statements of the answers, no claim is made that said Douglas had or

owned any land; neither does it appear from the allegations of the bill, that the attachment was levied upon any other lands than those of Thomas Corder, and under this state of pleadings and circumstances I do not regard it as error in the court not to direct an inquiry as to the lands of said Douglas. But, on account of the errors hereinbefore mentioned, I am of opinion to reverse the decree commplained of in this cause; and the same is remanded to the Circuit Court of Barbour county for further proceedings to be had therein and the appellee must pay the costs of this appeal.

REVERSED. REMANDED.