# CHARLESTON.

WAYLAND OIL & GAS Co. *et al.* v. RUMMEL, JUDGE, *et al.*

Submitted April 11, 1916.   Decided April 18, 1916. ·

1. INJUNCTION—*Venue—Statutory Provision.*

   By sec. 4, ch. 133, Code, jurisdiction to award injunctive process is vested exclusively in the circuit court of the county wherein the act or proceeding sought to be enjoined is to be done, or is doing, or is apprehended, notwithstanding some of the defendants may reside in another county; except as provided in sections 6 and 9 of the same chapter, and where a co-ordinate court has jurisdiction on grounds other than the award of such injunction. (p. 198).

2. PROHIBITION—*Subjects of Relief—Judicial Acts.*

   The award of an injunction by the common pleas court of Kanawha County, wherein some of the defendants reside, to enjoin acts and proceedings being committed and prosecuted or threatened in Lincoln County·and affecting real estate therein, is *coram non judice* and void; and prohibition lies to restrain further maintenance or cognizance of the suit.   (p. 199).

3. SAME—*Nature of Remedy—Existence of Other Remedy.*

   In such case, no plea in abatement of the suit, or motion to dissolve the injunction, is essential before asking for the writ of prohibition.   (p. 202).

4. INJUNCTION—*Subject Matter of Action—Cancellation of Title.*

   Nor will amendment of the injunction bill, by the insertion of a prayer for cancellation of a title claimed by defendants and adverse to that asserted by plaintiffs, confer jurisdiction on the common pleas court to award or perpetuate the injunction or to.

hear and determine the cause on its merits. Jurisdiction of a suit to remove cloud from title is determined by the situs of the land. (p. 201).

(MILLER, JUDGE, absent.)

Petition by the Wayland Oil & Gas Company and others for writ of prohibition to H. D. Rummel, judge of common pleas court of Kanawha County, and others.

*Writ awarded.*

*Stiles & Goettman* and *Koontz & Hurlbutt,* for petitioners.

*McClintic, Mathews & Campbell* and *Price, Smith, Spilman. & Clay,* for respondents.

LYNCH, JUDGE:

The common pleas court of Kanawha County, upon a bill filed therein by D. G. Williamson and others against the Wayland Oil & Gas Company and others, enjoined defendants from doing or attempting certain designated acts threatened or contemplated by them on real estate situated in Lincoln County, in and on which plaintiffs assert the right to exercise, unmolested, certain oil and gas privileges under a grant or lease therefor. The defendants enjoined applied to this court for and obtained a rule in prohibition to prevent further consideration and maintenance of the suit, and the entry therein by the common pleas court of any order other than one dissolving the injunction and dismissing the cause for want of jurisdiction. Upon appearance thereto, the respondents filed their joint answer and return to the rule, to which the petitioners demurred and moved to quash the same.

The land involved is a tract of 35 acres in Lincoln County, part of 12,900 acres which plaintiffs Williamson and others allege constitute a parcel of the premises held by them under a valid title for the purpose of operating thereon for the discovery and production of oil and gas. They charge that defendants have obstructed the free exercise and enjoyment of the privileges granted to them in virtue of the oil and gas lease on the larger acreage, under the terms of which plaintiffs averred they theretofore had entered except as to the 35

acres and successfully operated for and without molestation from defendant or others produced valuable quantities of these mineral productions; and that when they attempted to enter or had entered and hauled material on the 35 acres for the erection thereon of the necessary rig or derrick preparatory to active drilling operations, defendants caused or threatened the arrest and prosecution of the agents and employees of plaintiffs and otherwise unlawfully to impede and obstruct them in the use and enjoyment of such rights and privileges. They prayed the award of an injunction to restrain and inhibit defendants from doing and causing to be done each and all of the alleged acts of violence and from arresting or causing the arrest of plaintiffs' agents and employees while in the performance of the labor assigned to them, and for general relief.

So that obviously the dominant, if not the sole, object of the bill, as presented to the judge of the common pleas court, to whom it was addressed, was and is the procurement of an injunction to prevent acts about to be performed in Lincoln and hence not in Kanawha County, as an unlawful obstruction to the exercise of an alleged lawful right. If this be the proper conception of the object and scope of the bill, and that it is can scarcely be doubted, manifestly the common pleas court did not have jurisdiction either to award the injunction or to hear and determine the cause upon its merits; nor could the circuit court of Kanawha County properly have awarded that process. For in such cases jurisdiction vests by statute in the circuit court of the county in which the act or proceeding sought to be enjoined is to be done, or is doing or is apprehended. Sec. 4, ch. 133, Code; *Railway Co.* v. *Telegraph Co.,* 88 Va. 932, 936. Under this section, the circuit court of Lincoln County had exclusive authority to impose legal restraint by injunctive process, as the acts the doing of which constitute the wrong sought to be inhibited were threatened or apprehended within that county. No other court could do so, except where, as provided by section 6, any judge of a circuit court may award an injunction, whether the proceeding or person enjoined be or reside in or out of his circuit; in which case the writ awarded should have been direct-

ed to the clerk of the Lincoln county court, and thereupon the same proceedings had as if the order had been made by that court or the judge thereof in vacation. Sec. 9, ch. 133, Code. These provisions re-enforce, rather than weaken, the construction placed upon the exclusiveness of the· jurisdiction of the circuit court of Lincoln county and the utter lack of it in any other court except as therein provided.

Respondents rely on *Muller* v. *Bayly,* 21 Gratt. 521, as authority to show jurisdiction in the common pleas court to award the injunction and to determine the cause upon its merits; also to confer the power on that court to certify the proceedings to the circuit court of Lincoln county. When properly discriminated, the facts of the two cases are dissimilar. In the Grattan case, it was held that, as plaintiffs had selected the tribunal, they could not, and that defendants' could but did not, question the want of jurisdiction—the reverse of the situation before us. Besides, the bill in the former averred other matters and thereon predicated relief other than the award of an injunction. And of course where any circuit court has taken jurisdiction of a cause properly cog-. nizable by it, and has authority to hear and determine the proceeding upon its merits, such court may restrain such acts· in another county wherein otherwise it could not do so. As to the first point raised by respondents, this case is controlled, we think, rather by *Randolph* v. *Tucker,* 10 Leigh 655, and *Beckley* v. *Palmer,* 11 Gratt. 625; and as to the second point by the Muller case. Although the Randolph and Tucker cases were decided upon appeal on the merits, and not by prohibition, virtually they determined the proper construction of section 4, chapter 133 of our Code, and the court dismissed them because *coram non judice.*

Again, respondents contend the award of the injunctive process was voidable only, and not void. But an order entered by a court in a proceeding of which it did not have jurisdiction of the subject matter, and hence none to enter the injunction order, is void, not merely erroneous. It is a usurpation or abuse of power, an act in excess of its legitimate functions, and prohibition lies. The writ is available as of right to restrain an inferior court from taking cognizance of any

matter plainly not within its jurisdiction, or from exceeding the jurisdiction conferred. *Buskirk* v. *Ward,* 7 W. Va. 91; *Coal Co.* v. *Ritz,* 60 W. Va. 395. But, granting that, in assuming to exercise a power not vested in it, the common pleas court merely erred, that *concessum* would not prevent resort to the prohibitive writ. *Weil* v. *Black,* 86 S. E. 666. Respondents rely on *Haldeman* v. *Davis,* 28 W. Va. 324, and *County Court* v. *Boreman,* 34 W. Va. 364, for the proposition that prohibition does not lie to restrain that court, because the act creating it conferred a general jurisdiction. The two cases cited do state the rule to be that if the inferior tribunal has jurisdiction of cases of the kind sought to be restrained prohibition will not lie, as where the justice had authority to hear a criminal offense committed in the town of West Union, the mayor claiming exclusive authority to deal with such offenses; and in the county court case was involved the construction of a bridge in Wood County; and in each of them the court had the right to hear and determine the matters in issue. If, however, under sec. 4, ch. 133, Code, the circuit court of Lincoln county alone has jurisdiction to restrain the acts apprehended, that contention can not be sanctioned in the absence of the conditions heretofore noted. 32 Cyc. 606; *Bardstown* v. *Hurst,* 121 Ky. 119.

Nor can it reasonably be said, as respondents, citing, *Bowyer* v. *Green,* 63 W. Va. 498, contend, the petitioners do not clearly and affirmatively show that the common pleas court was about to proceed in a matter it did not have a right to consider and determine. The petition makes obvious want of power and authority in that court to entertain and take cognizance of the matters expressly denied to any court other than the circuit court of the county where the acts enjoined were about to be committed or threatened or apprehended, and that the court, after weeks of delay before the rule issued, had done nothing evincing an intention or purpose to cease the exercise of a jurisdiction erroneously assumed. This delay is sought to be excused upon the ground that the court entertained some doubt of the propriety of taking further cognizance of the matters involved because the judge thereof theretofore had some personal

financial interest in such matters. This interest, however, whether extensive or small, would not preclude his right to enter an order to dismiss a suit involving a claim for relief which his court clearly could not legally grant.

Respondents did not, as contended, amend the bill in the chancery cause by so enlarging its prayer for relief as to ask a discovery of the lease relied on by defendants, and, when discovered, its cancellation. For, in their return to the rule in prohibition, they aver that in open court they expressed a desire to amplify and amend the prayer of the bill by a further specification of the relief sought. The mere expression of a desire does not necessarily evince an intention to carry the purpose into effect, if then indeed intended. By this sugestion is not meant an insinuation of a lack of good faith on the part of counsel. Their ability and integrity forbid any such imputation. The criticism regards only the purport of the terms employed, the language used. A desire to effect a purpose does not always import an intention to do the desired act. Whatever may have been the resultant effect of the amendment had it in fact been made, the bill is before us as one for injunctive relief only. Its apparent purpose is to inhibit the acts set out therein.

But, conceding the bill as sufficient without the amendment, because of its prayer for general relief, to warrant a decree of cancellation on proper proof, the authorities cited to defeat restraint by prohibition are inapplicable. Although *Stewart* v. *Tennant*, 52 W. Va. 559, does say that "where the allegations of a bill are sufficient to support a decree and there is a prayer for general relief and such a decree is pronounced it will stand although not specifically prayed in the bill," the proposition must be construed in view of the facts averred and the specific relief predicated thereon. There the court had cognizance of the cause. But here, as we have observed, the reformation and enlargement of the prayer was to afford colorable grounds for jurisdiction to entertain and determine the cause as originally presented. The argument ignores what we deem to be material upon the right of any court other than the circuit court of the situs of the land in controversy to grant relief by cancellation except where it

has cognizance of the cause on other grounds. Denial of such right is within the spirit, if not the express terms, of clause 3, sec. 1, ch. 123, Code, when read in connection with sec. 4, ch. 133. These provisions evince a legislative intendment to place a limitation upon the scope of the power of such other courts to deal with lands situate in remote counties of the state; and they were so construed in *Tennant's Heirs* v. *Fretts,* 67 W. Va. 570, and the cases therein cited, although *Rader* v. *Adamson,* 37 W. Va. 595, seems to adopt, apparently without due discrimination, a contrary construction.

Apart from these considerations, it may well be doubted whether plaintiffs may require a discovery of defendants' title as a basis for cancellation to dispel a cloud on their own. It was so held in *Railway Co.* v. *Telegraph Co., supra,* the court saying: "The bill calls for discovery of what does not appertain to and is not necessary for the title of the plaintiff, but appertains to the title of the defendant, into which he can not pry in this way." See also 14 Cyc. 314.

Again, respondents doubtfully assert the proposition that petitioners should, as defendants in the chancery cause, first have raised the question of the court's jurisdiction by plea in abatement, under sec. 16, ch. 125, Code. To us it seems apparent that this contention is answered sufficiently in *Weil* v. *Black, supra,* wherein it is said defendant may resort as of right to prohibition, notwithstanding the availability of some other remedy. He may have his election. Besides, a court may *ex mere motu* dismiss a bill for want of jurisdiction to entertain it, as was done in *Railway Co.* v. *Telegraph Co., supra,* where the proceeding was instituted contrary to the express mandate of a Virginia statute similar to sec. 4, ch. 133, Code.

Finally, respondents say petitioners moved to dissolve the injunction—on what grounds we are not advised. But the assumption is permissible that the bases of the motion was, as suggested in argument, the want of jurisdiction in the court awarding the writ. Astute counsel likely would not omit such just and available cause therefor. If so, the motion did not render competent a jurisdiction that was not only not

conferred but, as observed, expressly denied by statute. And, although that motion remains undetermined, it did serve to extend to the court the courtesy of an opportunity to correct its error in awarding the injunction, lack of which courtesy is urged for disallowing the prohibitive writ. No such opportunity, however, is required where the proceeding is *coram non judice.* For when it shows on the face of its record. want of jurisdiction no demand upon the court to cease the proceeding is necessary before asking the writ. *St. Marys* v. *Woods,* 67 W. Va. 110. The same doctrine is stated in *Charleston* v. *Littlepage,* 73 W. Va. 156, denominating the prior application for a discontinuance of the unwarranted proceeding as discretionary deference, and unnecessary "if it appears in any manner that such court has acted deliberately or has considered the question of its jurisdiction and intends to proceed." See also *Weil v. Black, supra.*

These conclusions lead us to the opinion to award the writ; and such will be the order.

*Writ awarded.*