# Richmond.

## Southern Sand and Gravel Company, Inc., v. Massaponax Sand and Gravel Corporation, and Massaponax Railroad Company.

### June 17, 1926.

1. Injunctions—*Venue—Answer—Plea in Abatement—Case at Bar.*—The instant case was a suit for a pure bill of injunction in the Circuit Court of Richmond. The act enjoined was done in the county of Spotsylvania. Complainant insisted that in making their answer a part of an affidavit, defendants had filed an answer in the cause which precluded defendants from their right afterwards to file a plea of abatement on the ground that the Circuit Court of Spotsylvania and not the Circuit Court of Richmond was the proper tribunal for the trial of the cause.

   *Held:* That the making of an answer a part of an affidavit was not a filing of the answer in the cause within the meaning of section 6105 of the Code of 1919, besides the record showed that defendants failed to appear, plead, answer or demur, and that the bill was taken for confessed as to them.

2. Jurisdiction—*Venue—Venue and Jurisdiction Distinguished.*—By jurisdiction is meant the inherent power to decide the case; while venue designates the particular county or city in which a court having such jurisdiction may, in the first instance, properly hear and determine the case.

3. Injunctions—*Jurisdiction—Venue—Plea in Abatement—Case at Bar.*—In the instant case, complainant brought an injunction suit against defendants in the Circuit Court of the city of Richmond, seeking to enjoin acts done by defendants in the county of Spotsylvania. Complainant resided in the city of Richmond and the principal office of each defendant was located there. Defendants failed to appear, plead, answer or demur and the bill was taken for confessed. Later defendants, by counsel, appeared specially and moved the court to dismiss the temporary injunction granted on the ground that the court was without jurisdiction. The plea of abatement required by section 6105 of the Code of 1919 was not filed by defendants.

   *Held:* That under sections 5890, 6318, 6319 of the Code of 1919, the Circuit Court of Richmond had jurisdiction of the cause and erred in dismissing it for want of jurisdiction.

4. Equity—*Jurisdiction of Circuit Courts.*—Section 5890 of the Code of 1919 granted the circuit courts power to hear and determine all cases in chancery arising within the bounds of the Commonwealth. This jurisdiction is that "potential" jurisdiction without which the judgment of the court is·void. With it and the serving of valid process on the parties in a particular case, the court has "active" jurisdiction of the case and can hear and determine the same.

5. Equity—*Jurisdiction of Circuit and Corporation Courts.*—Every circuit and corporation court in Virginia, subject to a few statutory exceptions, is vested with complete equity jurisdiction; and consequently, so far as concerns questions of jurisdiction, every such court has the power to hear and determine any equity cause brought before it—and this without regard to the county or corporation in which the parties reside, or the controversy arose, or in which the subject-matter is.

6. Remedies—*Additional Remedies Cumulative and not Exclusive.*—An additional remedy or mode of procedure for the exercise of an already existing right of jurisdiction is, in the absence of restrictive language, to be interpreted as cumulative, and not as exclusive of existing remedies or practice.

7. Equity—*State-Wide Jurisdiction of Circuit Courts—Limitation of Jurisdiction.*—The only limitation on the State-Wide jurisdiction of the Circuit Court of the city of Richmond, given by section 5890 of the Code of 1919 and the common law, is found in the venue statutes, among which are sections 6318 and 6321 of the Code of 1919. As to the venue ·of suits for injunctions, these sections, 6318 and 6321 of the Code of 1919, are directory and not mandatory, and were never intended to repeal or modify section 5890 of the Code of 1919, and thereby deprive the chancery courts of any portion of the jurisdiction conferred upon them by that section. While these sections use the word "jurisdiction," they merely fix the "venue."

8. Injunctions—*Venue—Plea in Abatement.*—The enjoyment of the venue privilege granted in injunction suits by sections 6318 and 6321 of the Code of 1919, where, as in the instant case, the declaration, or bill, shows on its face proper matter for the jurisdiction of the court, is conditioned upon the party claiming the privilege filing a plea in abatement within the time prescribed by section 6105, of the Code of 1919.

9. Injunctions—*Venue—Objection for Want of Venue—Plea in Abatement.*—In the instant case, a suit for injunction in the Circuit Court of the city of Richmond to enjoin acts in Spotsylvania county, defendants were present in court and opposed the granting of a temporary injunction but failed to object as far as the record disclosed to that portion of the court's decree by which the court took full jurisdiction of the case by directing the injunction order to its clerk

and sending the case to rules in his office to be matured according to law. They did not, as they had the right to do, suggest that the injunction order be sent to the clerk of the Circuit Court of Spotsylvania as required by section 6321 of the Code of 1919. When process was served they made no appearance. In addition they failed to file the plea in abatement under section 6105 within the time there prescribed.

*Held:* That defendants having failed to assert their rights in these respects, they would be considered to have waived the privilege of having the case heard and determined by the Spotsylvania court.

10. Venue—*Jurisdiction—Waiver—Whether Bringing an Action in Improper County is a Jurisdictional Defect.*—The bringing of an action in an improper county, or district, is not a jurisdictional defect, where the court has general jurisdiction of the subject matter, and the statutes fixing the venue in certain actions confer a mere personal privilege which may be waived.

Appeal from a decree of the Circuit Court of the city of Richmond. Decree for defendants. Complainants appeal.

*Reversed and remanded.*

The opinion states the case.

*Pollard & Smith* and *Christian & Lamb,* for the appellant.

*J. R. Tucker,* and *C. O'Cornor Goolrich,* for the appellees.

West, J., delivered the opinion of the court.

On April 17, 1925, after notice to the defendants, Southern Sand and Gravel Company, Incorporated, complainant, presented to the Circuit Court of the city of Richmond a bill in equity, addressed to the judge of said court, praying that Massaponax Sand and Gravel Corporation and Massaponax Railroad Company, defendants, be required and directed to forthwith replace

a railroad crossing which complainant had constructed and was lawfully maintaining and operating across a strip of land in Spotsylvania county, Virginia, owned and used by the defendant railroad company as a right of way for its railroad, which crossing had been wrongfully torn out by the defendants on April 1, 1925; and that, when the crossing shall have been replaced under the direction of the court, the defendants, their officers, agents and servants be enjoined and restrained from removing, interfering with, or in any way molesting complainant's use of the same.

Both complainant and defendants are engaged in the business of mining, washing and selling gravel for commercial purposes, in the county of Spotsylvania, and the railroads were used by them for transporting the products of their mines.

Upon the hearing on the bill of complainant and an affidavit of Charles L. Ruffin, president of the defendant corporations, the answer of the defendants to the bill which had not been filed as an answer thereto, being annexed to and made a part of the affidavit, the Circuit Court of the city of Richmond, on the 17th day of April, 1925, granted the injunction prayed for, "requiring and directing the defendants, their officers, agents and servants, to replace, on or before Monday, April 20, 1925, at 12 o'clock noon, the crossing mentioned in the bill, in the same condition in which the same existed before April 1, 1925, and enjoining and restraining the aforesaid parties, and all of them, from interfering with or in any way molesting or removing the said crossing after the same shall have been so replaced," the injunction to expire on the first Monday in October, 1925, unless sooner enlarged or dissolved. Both complainant and defendants were represented by counsel and the order further provided that the cause be sent to rules to be matured according to law.

Process, returnable to the third Monday in April, 1925, requiring the defendants to answer the bill, was served upon W. Creed Davis, vice-president of the two defendant corporations, on April 18, 1925, in the city of Richmond, where he resides and where the principal office of each defendant is located. At rules, the third Monday in April, 1925, complainant filed its bill and the defendants not appearing, a decree *nisi* was entered against them. At rules, the last Monday in April, 1925, the defendants still failing to appear, plead, answer or demur, the bill was taken for confessed and the cause set for hearing.

On May 15, 1925, defendants, by counsel, appeared specially and moved the court to dismiss the temporary injunction granted on April 17, 1925, on the ground that the court was without jurisdiction to hear and determine the case. Upon consideration of arguments by counsel, the court, being of opinion that it was without jurisdiction to hear or determine the case, entered a decree dissolving the injunction, dismissing the bill and striking the case from the docket. This appeal is from that decree.

The only assignment of error is the action of the court in entering this decree.

Defendants concede that the bill is a "pure bill of injunction" and that the Circuit Court of the city of Richmond had the authority under section 6319 to award the injunction of April 17, 1925; but contend that the jurisdiction of the case thereupon passed, under sections 6318 and 6319, to the Circuit Court of the county of Spotsylvania, where the act enjoined was done.

[1] The complainant concedes that the defendants had the right, by filing in due time a plea in abatement under section 6105, to have the case heard by the

Spotsylvania court, but insists that the making of their answer a part of the Ruffin affidavit was a filing of the answer in the cause, which now precludes their right to file such plea. With its contention as to the answer we cannot concur. It seems clear to us that the making of the answer a part of the affidavit was not a filing of the answer in the cause, within the intendment of the law. Besides, the record shows that the defendants failed to appear, plead, answer or demur, and that the bill was taken for confessed as to them.

Did the Circuit Court of the city of Richmond have jurisdiction to hear and determine the case, or was such jurisdiction vested exclusively in the Circuit Court of Spotsylvania?

[2, 3] By jurisdiction is meant the inherent power to decide the case; while venue designates the particular county or city in which a court having such jurisdiction may, in the first instance, properly hear and determine the case.

A proper disposition of the questions involved will require some discussion of sections 6318, 6319, 6321, 5890 and 6105, Virginia Code 1919, which, so far as material here, provides as follows:

Section 6318. "Jurisdiction of a bill for an injunction to any judgment or judicial proceeding shall be in the court in which the judgment was rendered or such proceeding is pending, * * ; and jurisdiction of an injunction to any other act or proceeding shall be in the circuit court of the county, or the circuit, corporation or other court of the city having chancery jurisdiction, in which the act or proceeding is to be done, or is doing or apprehended."

Section 6319. "Every judge of a circuit or corporation court or of a city court having chancery jurisdiction shall have a general jurisdiction in awarding injunctions * * *."

Section 6321. "Every order, awarding an injunction, made under the two preceding sections, shall be directed to the clerk of such court as has jurisdiction under section sixty-three hundred and eighteen and the proceedings thereupon shall be as if the order had been made by such court, or the judge thereof."

Section 5890. "* * * They (the circuit courts) shall have original and general jurisdiction of all cases in chancery and civil cases at law * *."

Section 6105. "Where the declaration or bill shows on its face proper matter for the jurisdiction of the court, no exception for want of jurisdiction shall be allowed, unless it be taken by plea in abatement. No such plea in abatement shall be received after the defendant has demurred, pleaded in bar or answered to the declaration or bill, nor after the rules next succeeding the rules at which the declaration or bill is filed."

[4] It is apparent from the language used in section 5890 that the State of Virginia has granted to her circuit courts the power to hear and determine *all cases in chancery* arising within the bounds of the Commonwealth. This jurisdiction, Mr. Lile, in his work on Equity Pleading and Practice (2d ed.), designates as "potential" jurisdiction. Without such jurisdiction the judgment of the court is void. With it and the serving of valid process on the parties in a particular case, the court has what Mr. Lile terms "active" jurisdiction of the case, and can hear and determine the same.

At p. 13, section 23, this author says: "* * * the term venue denotes the *particular county* or *corporation* in which a given controversy is, in the first instance, properly triable. In short, *venue* has to do with *geographical* or *territorial* considerations, whereas, *jurisdiction* is concerned with questions of *inherent judicial power*.

[5] "Thus, as already shown, every circuit and corporation court in Virginia (subject to a few statutory exceptions, to be noted later) is vested with complete equity jurisdiction; and consequently, so far as concerns questions of jurisdiction, every such court has the power to hear and determine *any equity cause brought before it*—and this without regard to the county or corporation in which the parties reside, or the controversy arose, or in which the subject matter is."

[6] Discussing the venue of injunction suits under Virginia Code, 1919, section 6318, Mr. Lile, in chapter XXVII of the same book, at section 358, says: "In thus designating the courts of particular localities for the trial and determination of injunction suits, it was scarcely the purpose of the statute to confer (an already inherent) jurisdiction, but rather, it would seem, in spite of its somewhat mandatory language, merely to conserve the convenience of the parties, in analogy to the general statutes of venue. In other words, the specific localities mentioned are merely cumulative, and are but extensions of the general statutory provisions for venue of judicial proceedings. This conclusion is strengthened by the familiar principle that an additional remedy or mode of procedure for the exercise of an already existing right of jurisdiction, is, in the absence of restrictive language, to be interpreted as cumulative, and not as exclusive or existing remedies or practice.

"These considerations warrant the conclusion that the statutory designation of specific localities in which suits for injunctions are to be instituted and heard, is directory and not mandatory—and is to be interpreted as authorizing an additional *venue*, and not as conferring or limiting equitable *jurisdiction* of injunction suits.

"If this be true, then the objection that the suit is instituted in some county or corporation beyond the venue specifically designated, may be raised, if at all, only by plea in abatement; and if the venue be proper under the general statutes of venue, even a plea in abatement will be ineffective."

In Burks' Pleading & Practice, (2d ed.), ch. 22, sec. 175, the author says: "Venue and jurisdiction, though sometimes confounded, are, accurately speaking, separate and distinct matters. Jurisdiction is authority to hear and determine a cause. * * * 'It is like venue regulated by statute or organic law.' Venue is merely the place of trial, and the purpose of statutes prescribing venue is to give the defendants the *privilege* of being sued only in the place or places prescribed by the statutes. 'But it is a privilege which may be waived and which, if about to be denied, must, in Virginia, be claimed by plea in abatement filed in pursuance of section 3260 of the Code of 1887, section 6105 of the Code of 1919; otherwise it will be lost, if the court in which the action or suit is brought has general jurisdiction of such an action or suit, and has the subject matter and the proper parties, plaintiff and defendant, before it."

In *Moore* v. *N. & W. Ry. Co.*, 124 Va. 633, 98 S. E. 636, Judge Sims, speaking for the court, says: "It is also true that if the action had been brought against the company in the county or corporation wherein its principal office is, or its president or other officers reside, the court of general jurisdiction of such county or corporation would have had jurisdiction of the action, by virtue of section 3214 of the Code. But that is so because those sections of the Code so fix the venue of the action in such case. Accurately speaking, such sections of the Code do not confer 'jurisdiction' upon any courts. They concern only the procedure of the

courts touching the place of trial, or the venue of actions at law or of suits in equity. They merely confer a privilege upon the defendant to have action or suit against him in such a case heard and determined in the local courts therein specified. *But it is a privilege which may be waived, and which, if about to be denied, must, in Virginia, be claimed by plea in abatement filed in pursuance of section 3260 of the Code aforesaid (now 6105). Otherwise, it will be lost, if the court in which the action or suit is brought has general jurisdiction of such an action or suit and has the subject matter and the proper parties, plaintiff and defendant, before it.*" (Italics ours.) Citing numerous authorities.

Again, at page 635 (98 S. E. 637), Judge Sims says: "The proper matter for the jurisdiction of the court * * * has reference to subject matter over which the court has territorial jurisdiction, and the 'jurisdiction' referred to is the territorial jurisdiction of the court over such subject matter, which jurisdiction involves the venue of the suit or action. That is to say, where the proper parties are before a circuit court * * * its territorial jurisdiction over persons and property is coextensive with the bounds of the whole State, * * *."

[7, 8] The only limitation on the State-wide jurisdiction of the Circuit Court of the city of Richmond, given by section 5890 and the common law, is found in the venue statutes, among which are sections 6318 and 6321. The last two sections are, as we have seen, directory and not mandatory, and were never intended to repeal or modify section 5890 and thereby deprive the chancery courts of any portion of the jurisdiction conferred upon them by that section. While these sections use the word "jurisdiction," they merely fix the "venue." The enjoyment of the venue privilege granted

by these sections, where, as in the instant case, the declaration, or bill, shows on its face proper matter for the jurisdiction of the court, is conditioned upon the party claiming the privilege filing a plea in abatement within the time prescribed by section 6105.

[9] It will be observed that defendants were present in court on April 17, 1925, and opposed the granting of the temporary injunction, but failed, so far as the record discloses, to object to that portion of the decree in which the Richmond court takes full jurisdiction of the case by directing the injunction order to its clerk, and sending the case to rules in his office to be matured according to law. They did not, as they had the right to do, suggest to the court that the injunction order be sent to the clerk of the Circuit Court of Spotsylvania, as required by section 6321, *supra.* When process was served upon them, they made no appearance. In addition, they failed to exercise the privilege given them, under section 6103, of filing a plea in abatement within the time there prescribed, and having the case transferred to the Spotsylvania court. Having failed in these respects to assert their rights, they will be considered to have waived the privilege of having the case heard and determined by the Spotsylvania court.

The views hereinabove expressed are strongly supported by other text-writers and cases, involving somewhat similar statutes, decided by the United States Supreme Court.

[10] In 40 Cyc., page 111 (b) we find this: *"In General.* However, according to the better rule supported by the weight of authority, the bringing of an action in an improper county, or district, is not a jurisdictional defect where the court has general jurisdiction of the subject-matter, and that the statutes fixing the venue in certain actions confer a mere personal privilege which may be waived."

In 27 R. C. L., p. 783, section 6, the law is stated thus: "* * A requirement as to the particular district or county in which a suit on a transitory cause of action shall be brought is commonly regarded as modal or formal, and therefore the subject of waiver, either express or implied, by the parties. That the action is tried in a county other than that declared by statute the proper county for its trial *does not go to the jurisdiction,* and does not invalidate the judgment * * *." (Italics ours.)

In *Lee* v. *C. & O. Ry. Co.,* 260 U. S. 653, 43 S. Ct. 320, 67 L. Ed. 443, the court was construing Federal statutes which involved the jurisdiction of Federal courts. (Section 51 [Comp. St., sec. 1033] of the Judicial Code provides that *"no civil suit shall be* brought in *any district court* against any person by any original process or proceeding *in any other district than that whereof he is an inhabitant;* but where the jurisdiction is founded only on the fact that the action is between citizens of different States, suit *shall be brought only* in the *district* of the *residence* of either plaintiff or the defendant." (Italics ours.) The court held that this section "does not limit the general jurisdiction of the district court under section 24 of the Judicial Code (Comp. St., sec. 991), or withdraw any suit therefrom, but merely confers a personal privilege which defendant may assert or waive at his election, and does waive if, when sued in some other district, he enters an appearance, without claiming his privilege." Citing numerous authorities.

In *Panama R. Co.* v. *Johnson,* 264 U. S. 375, 44 S. Ct. 391, 68 L. Ed. 748, it is held that under Comp. St. Ann. Sup. 1923, sec. 8337a, which provides that jurisdiction of a seaman's action for injuries in the course of his employment shall be in the court of the district in which the defendant employer resides, or in which his princi-

pal office is located, goes to venue only, and is waived by defendant entering a general appearance, without claiming the privilege.

To the same effect is *Interior Const. Co.* v. *Gibney,* 160 U. S. 219, 16 S. Ct. 272, 40 L. Ed. 401, and *Peoria, &c., Co.* v. *United States,* 263 U. S. 528, 44 S. Ct. 194, 68 L. Ed. 427.

Where the matters shown in the bill or declaration are not matters proper for the jurisdiction of the court, section 6105 has no application, and the court, lack of jurisdiction being made to appear, may *ex mero motu,* or upon motion of the defendant, dismiss the suit. *Lane* v. *Bauserman,* 103 Va. 146, 48 S. E. 857, 106 Am. St. Rep. 872; *Raub* v. *Otterback,* 89 Va. 645, 16 S. E. 933; *Noell* v. *Noell,* 93 Va. 433, 25 S. E. 242; *Green* v. *Massie,* 21 Gratt. (62 Va.) 356, 362; *James* v. *Bradshaw,* 16 Gratt. (57 Va.) 355, 361.

To sustain their contention, defendants rely with confidence upon *Backly* v. *Palmer,* 11 Gratt. (52 Va.) 625; *Randolph's Exor.* v. *Tucker,* 10 Leigh (37 Va.) 655; *N. & W. Ry. Co.* v. *Postal Telegraph Co.,* 88 Va. 932, 14 S. E. 689; *Wayland Oil & Gas Co.* v. *Rummel,* 78 W. Va. 196, 88 S. E. 741.

Judge Lee uses language in *Beckley* v. *Palmer, supra,* which seems to sustain the position of defendant, but before closing his opinion he expresses doubt as to the correctness of his conclusions, when he says: "But if I am in error on this point, let us briefly consider the case made." He then proceeds to rest his decision upon the ground that the bill fails to allege any reason why the complainant invoked the aid of a court of equity instead of pursuing his remedy in a court of law, which, so far as the allegations of the bill show could have given as complete relief as a court of chancery.

The case of *Randolph's Exor.* v. *Tucker, supra,* was

decided by a special court of three judges. The bill was not a pure bill of injunction. The main purpose of the bill was to obtain an issue of *devistavit vel non* in regard to the will of John Randolph and the injunction prayed for "was merely ancillary to the other and principal relief prayed for." Moncure, P., discussing this case in *Muller* v. *Mayley*, 21 Gratt. (62 Va.) 534, says: "In that case it will be observed * * * that the ground of jurisdiction was merely colorable and the palpable inconvenience of the place selected by the plaintiffs for the suit, were the reasons which induced the court to sustain the objection of the defendants, and to dismiss the bill for want of jurisdiction."

Moncure, P., discussing *Beckley* v. *Palmer, supra*, in the same opinion, at page 534, says: The fact that the suit was filed in the Circuit Court of Raleigh when it should have been filed in the Circuit Court of Fayette county "was one of the grounds on which this court affirmed the decree of the court below dismissing the bill." Judge Moncure further says: "* * The court did not reverse all that had been done by the court below * * * and dismiss both bills for want of jurisdiction; but affirmed the decree of the court below, after amending it, by formally dissolving the injunction; thus sustaining, to that extent, the jurisdiction of the court."

Under the foregoing facts, we are unwilling to accept these two cases as binding authority for the proposition that a court awarding an injunction under section 6319 upon a pure injunction bill, which shows on its face proper matter for the jurisdiction of the court, cannot, where no plea in abatement is filed under section 6105, maintain jurisdiction and decide the case upon its merits.

*N. & W. Ry. Co.* v. *Postal T'el. Cable Co., supra*, is

easily distinguished from the instant case. There the answer and plea to the jurisdiction of the court were duly filed by the defendant. Here there is neither answer nor plea. It is conceded that if a plea to the venue (jurisdiction) had been properly filed, it should have been sustained by the court, and the case removed to the Circuit Court of Spotsylvania for decision on its merits.

*Wayland Oil & Gas Company* v. *Rummel*, 78 W. Va. 196, 88 S. E. 741, is unlike the instant case and is not controlling here. There the defendant raised the question of jurisdiction at an early stage of the case, and applied to the supreme court for a rule in prohibition to prevent the Kanawha county court from further proceeding in the suit. Here, as already stated, the question of jurisdiction was not raised until after the rules next succeeding the rules at which the bill was filed.

For the foregoing reasons, we are of opinion that defendant having failed to file a plea in abatement within the time prescribed by section 6105, the Circuit Court of the city of Richmond has complete jurisdiction to hear and determine the case upon its merits.

The decree of the lower court will be reversed and the case remanded to the Circuit Court of the city of Richmond, with instructions to hear and determine the rights of the parties in conformity with the views herein expressed.

*Reversed and remanded.*

BURKS, J., Concurring:

I concur in the opinion of the court, but wish to add a few words by way of emphasis.

"Jurisdiction," said Mr. Justice Brown, in *The Resolute*, 168 U. S. 437, 18 Sup. Ct. 112, 42 L. Ed. 533,

"is the power to adjudicate a case upon the merits and dispose of it as justice may require."

Venue is merely the place fixed for a trial. Both are prescribed by statute. The policy of the statute in fixing venue is the convenience of the parties. It is a mere privilege of the defendant which he may waive, if he wishes, and which he will be deemed to have waived, unless he raised the objection in the manner prescribed by statute. On the other hand, the policy of the statute in fixing jurisdiction is to determine the character or nature of the cause of which the several courts of the State may take cognizance, which cannot be enlarged or defeated by any act of the parties. Neither consent nor waiver can confer jurisdiction, though it may admit venue.

The circuit courts of the State have general equity jurisdiction, including the power to grant injunctions, under section 5890 of the Code, and section 6321 directs an order granting an injunction to be sent to the clerk of such court as has jurisdiction under section 6318. This is not a limitation upon the power of the court granting the injunction, but simply fixes the venue of the case to be tried. Manifestly, it seemed to the legislature that section 6318 furnished the most convenient place to hear the controversy. But equity acts *in personam*, and may compel a party within its jurisdiction to perform an act outside of its jurisdiction. The statute is a venue statute and not a jurisdictional one.

The question here in controversy came before the Special Court of Appeals, as pointed out in the opinion of the court, in *Randolph's Executor* v. *Tucker*, 10 Leigh (37 Va.) 655, and that court held, on a pure bill of injunction, that the court order granting the injunction prohibiting an act outside of its circuit was void.

A statute in identical words with our present statute came under review by the Court of Appeals of West Virginia in *State* v. *Fredlock*, 32 W. Va. 232, 43 S. E. 153, 94 Am. St. Rep. 932, and it was there held that a court having jurisdiction *in personam* may require the defendant to do, or refrain from doing beyond its territorial jurisdiction, anything which it has the power to require him to do within the limits of its territory. This case does not refer to *Randolph* v. *Tucker.*

In addition to this, the defendants enjoined had their principal office in the city of Richmond, and the Circuit Court of the city of Richmond had jurisdiction of them under section 6049 of the Code.

I think, therefore, that the instant case is plainly one of venue and not one of jurisdiction, and that the trial court erred in dismissing it.