# CHARLESTON.

O. D. TRAHERN *et als. v.* HON. A. G. HUGHES, *Judge, etc., et als.*

(No. 6709)

Submitted January 15, 1930. Decided January 28, 1930.

*Wm. T. George,* for petitioners.
*P. J. Crogan* and *J. V. Gibson,* for respondents.

LITZ, JUDGE:

The petitioners, O. D. Trahern, B. W. Trahern, Daisey Trahern, George L. Trahern, Cyrena Trahern, Bess Trahern Deahl, Joy Poling, and Gladys Botkins, seek a writ of prohibition against the respondents, Mahlon C. Martin, Jr., and Hon. A. G. Hughes, as judge of the circuit court of Preston county, to prohibit, *inter alia,* the enforcement of a preliminary injunction awarded by said A. G. Hughes, judge as aforesaid, on a bill filed in said court, by said Mahlon C. Martin, Jr., against the petitioners and W. W. Williams, as sheriff of Preston county.

The petitioners obtained a verdict and judgment of $2,960.39 against Martin in Tucker county September 5, 1929, in an action of trespass for cutting timber on lands in that county. The injunction complained of, enjoins the petitioners and said sheriff from enforcing an execution issued on the judgment and now in his hands for levy, because it bears an impossible date; and also restrains the petitioners from having issued any other execution on the judgment or from in any manner attempting to enforce it.

Want of jurisdiction in the circuit court of Preston county to entertain the injunction suit is the basis for the writ. "Jurisdiction of a bill for an injunction to any judgment, act or proceeding shall be in the circuit court of the county in which the judgment is rendered, or the act or proceeding is to be done, or is doing, or is apprehended, and the same may be granted to the judgment of a justice in like manner and with like effect as to other judgments." Section 4, Chapter 133, Code. "By section 4, Chapter 133, Code, jurisdiction to award injunctive process is vested *exclusively* in the circuit court of the county wherein the act or proceeding sought to be enjoined is to be done, or is doing, or is apprehended." *Wayland Oil & Gas Co.* v. *Rummel, Judge*, 78 W. Va. 196. *Beckley* v. *Palmer*, 11 Gratt. 625, and other Virginia cases, construing a like statute, hold that a suit to enjoin the enforcement of a judgment must be brought in the circuit court of the county in which the judgment was rendered. It makes no difference that some or all of the defendants are non-residents of the county in which the judgment was recovered. By thus limiting jurisdiction to such court, the legislature has impliedly authorized the service of process on the defendants in other counties. *Jennings* v. *McDougle, Judge*, 83 W. Va. 186, 192.

It is suggested that the chancery court of Preston county has jurisdiction to enjoin the levy of the particular *fieri facias* on the ground that it antedates the judgment. "Neither the misdating of the writ [of *fieri facias*], nor the entire omission of a date, invalidates it." Freeman on Executions, p. 205. Moreover, the execution debtor is afforded an ade-

quate remedy, in a case entitling him to relief, by section 17, Chapter 140, of the Code, which provides: "A motion to quash an execution may, after reasonable notice to the adverse party, be heard and decided by the court whose clerk issued the execution, or if in a circuit court, by the judge thereof in vacation; and such court or judge may, without such notice, make an order staying proceedings on the execution until such motion can be heard and determined. A copy of the order so made must be served upon the officer in whose hands the execution is." In view of this situation, alleged jurisdiction of the circuit court of Preston county to restrain the enforcement of the misdated execution is merely colorable.

Jurisdiction cannot be maintained upon the theory that the injunction is ancillary to ultimate relief by cancellation of the judgment, setting aside the verdict, and granting a new trial in the law action, in accordance with the prayer of the bill. None of the defendants being residents of Preston county, venue of the suit therein for any purpose is not authorized under Chapter 123 of the Code. Besides, the relief sought is in its final analysis necessarily injunctive. "A court of chancery has no power in the strict sense of the term to set aside a judgment at law, and a suit in equity to obtain relief from a judgment in no sense assails the court in which the judgment was rendered. It is strictly a proceeding *in personam*, and the decree adjudges the rights of parties *inter sese* in relation to that judgment. A court of equity cannot interfere with the records of another court or strike therefrom a judgment entered by such other court. The relief is limited to enjoining parties from proceeding to enforce the judgment." 15 R. C. L. 726. "If the chancery court should set aside the verdict and grant a new trial in the same action, the law court would not recognize the order, as it would regard this a direct infringement upon its jurisdiction, and make the chancery court its superior. Hence chancery does not set aside the verdict, and order the law court to grant a new trial, and remand, as does an appellate court when the very case itself is translated into it by appellate procedure, but, having the parties before it in an independent

cause; it directs an issue or issues to be decided at its bar, and, upon the result of the trial, perpetuates or dissolves, in whole or in part, the injunction to the judgment." *Grafton & Greenbrier R. C. Co.* v. *Davisson,* 45 W. Va. 12, 16.

The peremptory writ, as prayed, is granted.

*Writ granted.*