# Richmond.

## N. & W. R. R. Co. v. Postal Telegraph Cable Có.

### March 24th, 1892.

1. Injunction—*Discovery.*—As a party is not entitled to a discovery of facts whereby his adversary's case rests, but only of facts necessary for his own;
Held:
>    Injunction should not be awarded to restrain a telegraph company from going on to plaintiff's land with a view of condemning a right of way, until a discovery be had of the company's incorporation and proceedings authorizing the condemnation.
2. Idem— *Venue.*—An injunction cannot be maintained in a county other than that in which the act or proceeding is to be done, or is doing, or apprehended.

Appeal from two decrees of the chancery court of city of Richmond, rendered July 5th, 1889, and October 29th, 1889, respectively, in a cause wherein the appellant, the Norfolk and Western Railroad Company, was complainant, and the Postal Telegraph Cable Company was defendant.   Opinion states the the case.

*Robert Stiles, A. L. Holladay* and *George S. Bernard,* for appellant.

*J. S. Parrish, Edgar Allan* and *E. C. Burks,* for appellee.

Lacy, J., delivered the opinion of the court.

The case is as follows: The appellee, the Postal Telegraph Cable Company, having instituted proceedings in the county court of Sussex county looking to the condemnation of the road-way of the appellant, the Norfolk and Western Railroad Company, and having there demanded the production of certain books and papers showing the incorporation of the plaintiff company, and the proceedings of that company, through its directory, authorizing the proceedings in question, pending these condemnation proceedings in the said county of Sussex, the Norfolk and Western Railroad Company filed an injunction bill in the chancery court of Richmond city, seeking to enjoin the Telegraph Cable Company from going upon its road-way in said county of Sussex for the purpose of condemnation aforesaid until the discovery sought had been had, and asking also the said discovery. An injunction was awarded, according to the prayer of the bill, to restrain the defendant telegraph company, its agents and attorneys, from further proceedings in the county of Sussex for the condemnation of a right of way upon the road-way of the railroad company until the telegraph company should produce the books and papers called for, by Hon. W. S. Barton, judge of the tenth judicial circuit, which was directed to the clerk of the chancery court of Richmond on the 8th day of June, 1889. The said injunction was dissolved on the 5th day of July, 1889, upon the answer and pleas of the defendant company, whereupon an amended bill was filed, seeking the said injunction; but the chancery court refused the injunction prayed for in the amended bill, when the plaintiff, as is provided by statute, applied to one of the judges of this court, who awarded the said injunction as prayed for, and certified the same to the clerk of the chancery court of the city of Richmond on the 12th day of August, 1889. On the 19th day of the month of August, 1889, the said injunction was dissolved by the chancery court of the city of Richmond, whereupon the Norfolk and

Western Railroad Company applied for and obtained an appeal to this court, which was granted on the 4th day of November, 1889, by one of the judges of this court. The decrees appealed from dissolving the injunction on the original bill and the amended bill are plainly right.

1. The bill calls for a discovery for what does not appertain to and is not necessary for the title of the plaintiff, but appertains to the title of the defendant, into which he cannot pry in this way. Hence, the defendant has the right to resist by demurrer any inquiries which call upon him to disclose the nature and character of his own title to the subject-matter of the controversy." "The doctrine may be well summed up in two propositions (Wig. Disc., 2d Ed., §§ 26, 27, and note) : (1) It is a right as a general rule, of the plaintiff in equity to exact from the defendant a discovery upon oath as to all matters of fact which are well pleaded in the bill and material to the proof of the plaintiff's case about to come on for trial, and which the defendant does not, by his form of pleading, admit. (2) The right of the plaintiff in equity to the benefit of the defendant's oath is limited to a discovery of such material facts as relate to the plaintiff's case, and does not extend to discovery of the manner in which the defendant's case is to be exclusively established, or to evidence which relates exclusively to his [the defendant's] case." Story, Eq. Pl., § 572, p. 584, and authorities cited. And the injunction should have been dissolved.

2. For another reason : The bill seeks to enjoin the acts and proceedings of the defendant alleged to be in progress in the county of Sussex, and not in the city of Richmond; and our statute (Code Va., § 3436) requires an injunction to be brought in the county where the act done or proceedings enjoined take place. Section 3436 is as follows: "Jurisdiction of a bill for an injunction to any judgment, act, or proceeding shall be in the circuit court of the county, or the circuit or corporation

court of the corporation, in which the judgment is rendered or in which the act or proceeding is to be done, or is doing or apprehended." For these reasons, conclusive of the questions raised here, we are of opinion to affirm the decrees appealed from.

DECREE AFFIRMED.