VEVE ET AL. *v.* THE FAJARDO DEVELOPMENT CO.

## APPEAL from the District Court of Ponce.

No. 396.—Decided June 26, 1909.

INJUNCTION—FOREIGN CORPORATIONS—DOMICILE.—In this case it was alleged in the complaint that the defendant is a corporation created under the laws of the State of Connecticut, and authorized to do business in Porto Rico. *Held:* That in view of the above-stated fact it is to be concluded that the residence of the corporation defendant is not Fajardo, but the State of Connecticut.

ID.—FOREIGN CORPORATIONS—DOMICILE.—The domicile of a foreign corporation is the place of its creation.

ID.—FOREIGN CORPORATIONS—DISTRICT WHEREIN THEY MUST BE SUED.—No provision is to be found in our laws which expressly determine that a corporation created out of the Island, and authorized to do business in the Island; should be sued in the district where its principal office is located.

ID.—Inasmuch as the defendant has no residence in this Island, and the judicial district of Ponce has been designated by the plaintiff in his complaint, the court of said district has power to take cognizance of this case, in accordance with its jurisdiction, without prejudice to its faculty to change the place of trial.

ID.—JURISDICTION—LOCATION OF THE LAND.—When a court has jurisdiction over the defendant, as happens in the present case, the location of the land is of no importance for the purpose of determining the competency of the court in the matter of injunction, because an injunction is a proceeding which properly acts upon the person and not directly upon the thing.

ID.—EVIDENCE—ABSENCE OF STATEMENT OF FACTS.—It appearing from the order appealed against, that evidence was taken, and such evidence not having been included in the transcript of the record transmitted to this court, we must confine ourselves to an examination of the sufficiency or insufficiency of the application, which in this case shows that the writ of injunction was properly applied for and justly granted.

The facts are stated in the opinion.

*Mr. Juan Guzmán Benítez* for appellant.

*Mr. Poventud* for respondents.

MR. JUSTICE DEL TORO delivered the opinion of the court.

This is an appeal taken from an order of the District Court of Ponce, granting a preliminary injunction.

The plaintiffs and respondents filed with the district court, on March 2, 1909, a sworn complaint praying that a writ of perpetual injunction issue, and alleging that as on the first of May the court would enter upon its vacation and it was improbable that the case could come up for a hearing before that date, they filed a sworn motion on said March 2, 1909, based on the facts stated in the complaint, asking that a writ of preliminary injunction issue to forbid the defendants to continue by themselves or through their agents, employes or subordinates, the tracing and other acts necessary for the construction of a railway track of the defendant upon an estate belonging to the plaintiff, described in the complaint, and ordering the said defendant to abstain from preforming any other act on, or with respect to, the aforesaid estate, for the purpose of establishing therein or in part thereof, the aforesaid railway track.

The defendant appeared and filed a sworn motion on March 8, 1909, contesting the petition for a preliminary injunction, on the ground that the court had no jurisdiction "over the person of the defendant or the subject of the action." And, in case the court should consider itself bound to take cognizance of the matter, the defendant alleged that the complaint on which the application for an injunction was based, did not state facts sufficient to constitute a cause of action, and that it was unintelligible and uncertain.

And the court, on March 17, 1909, made the following order:

"The company defendant has its office in Fajardo, Porto Rico. According to its allegations this court has no jurisdiction over this matter, agreeably to section 81 of the Code of Civil Procedure. It is true that according to the Civil Code, foreign corporations must establish a principal office in this Island the same to be registered in the office of the Secretary of Porto Rico. Thus far, this court has

no knowledge of such registration. However, this court does not believe that the principal office of a foreign corporation is the domicile of such corporation, within the purview of aforesaid section 81.

"Wherefore, the court accepts jurisdiction over the matter, leaving unimpaired the rights of the corporation defendant to file later a motion, supported by sufficient evidence, for the purpose of changing the place of trial to Humacao, in accordance with section 83 of the Code of Civil Procedure.

"The plaintiffs ask for a preliminary injunction. The oral and documentary evidence proposed seems sufficient to justify the issuance of the injunction applied for.

"Now then, the writ of injunction is issued conformably to the terms of the motion filed by the plaintiffs."

The appeal was taken on March 23, 1909, and on May 27, 1909, the hearing of the appeal was had with the assistance only of the defendant and appellant. The defendants and respondents filed a memorandum which was ordered to be joined to the record.

The first question to be considered and decided is whether or not the District Court of Ponce had jurisdiction to act in this case.

There are two grounds adduced for alleging lack of jurisdiction:

(*a*) That the defendant has its domicile in Fajardo, outside the territory of the District Court of Ponce, and

(*b*) That the lands on which the defendant had performed, and threatened to continue performing, the acts sought to be prevented, were situated in *barrios* "Quebrada Seca" and "Guayucán," within the municipality of Ceiba, also outside the territory of the District Court of Ponce.

The jurisdiction of the District Court of Ponce, like that of all the district courts of this Island, to issue writs of injunction, has been expressly determined by the legislator. Section two of the act to define injunctions, approved March 8, 1909, reads as follows:

"The Supreme Court, or any judge thereof, may issue injunctions to enforce the jurisdiction of said court, under the regulations pre-

scribed by law. And the judges of the respective district courts may issue injunctions in all cases in which such process may be properly issued."

The first fact alleged in the complaint, and not contradicted by the defendant, is as follows:

"That the defendant is a corporation created under the laws of the State of Connecticut, and authorized to do business in Porto Rico, having its domicile in the town of Fajardo, Porto Rico."

In view of the above-alleged fact, the conclusion is reached that the residence of the corporation defendant is not Fajardo, but the State of Connecticut. Let us see why.

"It is very true, that a corporation can have no legal existence out of the boundaries of the sovereignty by which it is created. It exists only in contemplation of law, and by force of law &ast; &ast; &ast;. It must dwell in the place of its creation, and cannot migrate to another sovereignty. But although it must live and have its being in that State only, yet it does not by any means follow, that its existence there will not be recognized in other places. Its residence in one State creates no insuparable objection to its power of contracting in another." (*Bank of Augusta* v. *Earle*, 38 U. S. R., 588.)

"In the jurisprudence of the United States a corporation is regarded as in effect a citizen of the State which created it. It has no faculty to emigrate. It can exercise its franchises extra territorially only so far as may be permitted by the policy or comity of other sovereignties. By the consent, express or implied, of the local government, it may transact there any business not *ultra vires,* and, 'like a natural person, may have a special or constructive residence, so as to be charged with taxes and duties or be subjected to a special jurisdiction.' It is for the local sovereign to prescribe the terms and conditions upon which its presence by its agents and the conducting of its affairs shall be permitted." (*St. Louis* v. *The Ferry Company,* 78 U. S. R., 429.)

The laws of Porto Rico permit corporations and joint stock companies, organized under the laws of any State of the Union or of the United States, or of any foreign Government, to do business in this Island, provided they comply with the

prescriptions contained in said laws of Porto Rico; thus developing and applying the principles established in the judgments of the Supreme Court to which reference has been made.

No provision is to be found in our laws which expressly determines that a corporation created out of the Island and authorized to do business in the Island, should be sued in the district where its principal office is located, while we have section 81 of the Code of Civil Procedure which provides that if none of the defendants reside in Porto Rico the suit may be tried in any district which the plaintiff may designate in his complaint.

The Supreme Court of California, in construing a statute similar to the one in force in this Island, has said: "A foreign corporation cannot do business here without subjecting itself to the jurisdiction of our courts, but it is not a necessary corollary that it is entitled to claim a 'residence' here. It cannot escape the consequences of an illegal act done by its agents, within the scope of the authority it has conferred upon them, by setting up an existence under a foreign government." (*People* v. *Central R.*, 48 Barb., 478.) "It is liable to be sued to the same extent as an individual or company incorporated under the laws of this State." (*Austin* v. *N. Y. & E. R.*, 1 Dutch., 383.) "It may be sued here, not because it resides here, but because it has chosen to do business here by its agents. Its home is in the country where alone it has its being. As it resides, if anywhere, out of the State, an action against it may be tried in any county designated by the plaintiff." (Code Civ. Proc., sec. 395.) "This is, of course, subject to the right of the corporation defendant to move for a change upon sufficient showing." (*Thomas* v. *Placerville G. Q. U. Co.*, 65 Cal., 600.)

Thus then, applying to this specific case all that has been set forth, the conclusion must be reached that, inasmuch as the defendant has no residence in this Island, and the judicial district of Ponce has been designated by the plaintiff in his

complaint, the court of said district has power to take cognizance of this case, in accordance with its jurisdiction, without prejudice to its faculty to change the place of trial.

But there is another question: The location of the land.

The estate involved in this case being situated in Ceiba, as stated in the second allegation of the complaint, and therefore out of the territory of the District Court of Ponce, the conclusion must be arrived at, it would seem, that the District Court of Ponce has no power to act, especially if we examine section 75 of the Code of Civil Procedure which provides that "Actions for the following causes must be tried in the district in which the subject of the action, or some part thereof, is situated, subject to the power of the court to change the place of trial, as provided in this code: 1. For the recovery of real property, or of an estate or interest therein, or for the determination in any form of such right or interest, and for injuries to real property"; and the case of *Norfolk & W. R. Co.* v. *Postal Telegraph Cable Co.,* 88 Va., 932, which lays down the doctrine that "an injunction to restrain entry on land cannot be maintained in a country other than that in which the land is situated."

But when a court has jurisdiction over the defendant, as happens in the present case, the location of the land is of no importance for the purpose of determining the competency of the court in the matter of injunctions, because an injunction is a proceeding which properly acts upon the person and not directly upon the thing.

"A court having jurisdiction *in personam* may require the defendant to do or refrain from doing, beyond its territorial jurisdiction, anything which it has power to require him to do or omit within the limits of its territory." (*State* v. *Fredlock et al.,* 52 W. Va., 232, 43 S. E., 153.)

"A court of equity in this State has jurisdiction over a petition the object whereof is to obtain an injunction to prevent the defendant from obstructing a right of way claimed by the plaintiff upon lands situated in another State, when the defendant has been personally

summoned. The jurisdiction of equity by means of injunction is strictly *in personam.*" (*Alexander* v. *Tollerton,* 110 Ill., 65.)

Having gone over the question of jurisdiction raised by the defendant and appellant, we must inquire whether the writ of preliminary injunction was properly granted by the court. With respect to his particular it should be noted that from the order appealed against it appears that evidence was taken, and such evidence has not been included in the transcript of the record transmitted to this Supreme Court. We must therefore confine ourselves to an examination as to the sufficiency or insufficiency of the application.

A thorough examination of said application and of the complaint on which it is based, and a careful study of the law and jurisprudence applicable thereto, lead perforce to the conclusion that the writ of injunction was properly applied for and justly granted in that case.

Wherefore, we are of opinion that the appeal should be dismissed and the order appealed from sustained.

*Affirmed.*

Chief Justice Hernández and Justices Figueras, MacLeary and Wolf concurred.