## Richmond

Texaco, Inc. v. Hershel Eugene Oaks, Et Al.

April 22, 1974.

Record No. 730392.

Present, All the Justices.

*Calvin H. Childress (Fred J. Dean, III; Kelberg & Childress,* on brief), for plaintiff in error.

*Peter W. Rowe (Stackhouse, Weinberg & Stewart,* on brief), for defendants in error.

Per Curiam.

The question for decision in this case is whether the trial court erred in sustaining, for lack of venue, pleas in abatement filed on behalf of two defendants, Hershel Eugene Oaks and Sherman Enterprises, Inc., in a property damage action brought against them by the plaintiff, Texaco, Inc. A third defendant, Ryder Truck Rental Company, a corporation, filed grounds of defense. Although it is not a party to this appeal, the question whether proper venue existed with respect to Ryder Truck Rental is of incidental importance in event of a remand of the case.

The motion for judgment filed by Texaco alleged that a tractor-trailer truck, which was owned by Ryder Truck Rental, leased to Sherman Enterprises, and operated by Oaks, negligently came "into violent contact with" Texaco's gasoline station in the town of Gloucester, causing damage in the sum of $6,662.57. Process was served upon Sherman Enterprises, of Gambrills, Maryland, and upon Oaks, of Annapolis, Maryland, through the Commissioner of the Division of Motor Vehicles of Virginia. Process for Ryder Truck Rental was served upon its registered agent in Richmond.

The pleas in abatement filed on behalf of Sherman Enterprises and Oaks, in addition to alleging generally that venue of Texaco's action was "improperly laid," also negated all the grounds upon which venue might possibly have existed in the trial court. The pleas further offered Texaco "a better writ" by alleging that "proper venue" lay in Gloucester County, where the cause of action arose (Code § 8-39), or in the City of Richmond, where the statutory agent of Ryder Truck Rental resided (Code § 8-38(6)).

The trial court sustained the pleas in abatement and dismissed the action against Sherman Enterprises and Oaks. Texaco is here upon a writ of error.

■ Texaco contends that inasmuch as it did not admit or agree to the facts set forth in the pleas in abatement, the burden was upon Sherman Enterprises and Oaks to prove the matters alleged in the pleas. Failing such proof, Texaco argues, the trial court should have overruled the pleas.

Sherman Enterprises and Oaks, although admitting that they had "the ultimate burden of proof," concede that "no evidence was offered" in support of their pleas. They contend, however, that because each plea was verified and was sufficient on its face, the burden shifted to Texaco to deny the facts set up in the pleas. Because Texaco did not "file a Reply or Denial," Sherman Enterprises and Oaks conclude, the trial court was obligated to sustain the pleas.

The position taken by Sherman Enterprises and Oaks, while perhaps once supported by law, is no longer valid. The pleas in abatement, which admittedly set up new matter, did not expressly request a reply. Therefore, under Rule 3:12, Rules of Court, no reply by Texaco was necessary and the new matter was required to "be taken as denied or avoided without further pleading." Thus, the burden remained upon Sherman Enterprises and Oaks to prove their allegations of lack of venue, notwithstanding that their pleas were verified. They failed

to carry their burden. So it was error to sustain the pleas. *Hodgson* v. *Doe*, 203 Va. 938, 942, 128 S.E.2d 444, 446 (1962); *Big Seam Coal Corporation* v. *Atlantic Coast Line Railroad Company*, 196 Va. 590, 592-93, 85 S.E.2d 239, 241 (1955). Accordingly, we reverse the judgment of the trial court.

The question remains: What disposition should be made of the pleas upon remand? Texaco agrees that Sherman Enterprises and Oaks are entitled to a hearing in the trial court to prove the allegations of their pleas in abatement. On the other hand, Texaco contends that in such a hearing it should have the privilege of asserting and proving its alternative claim that because proper venue existed with respect to one defendant, Ryder Truck Rental, venue also existed with respect to Sherman Enterprises and Oaks. We agree that Texaco should be afforded that privilege.

We remand the case for a hearing, according to the views expressed herein, upon the pleas in abatement filed by Sherman Enterprises and Oaks, and for such further proceedings as may be appropriate.

*Reversed and remanded.*