# CIRCUIT COURT OF THE CITY OF ROANOKE

Argos Utilities
Corporation et al.

v.

Coleman P. Perrin
and C. W. Wright
Construction Co., Inc.

September 9, 2011

Case No. CL10-2300

BY JUDGE CLIFFORD R. WECKSTEIN

As the parties presented this case, the threshold issue was whether venue should be transferred from the City of Roanoke. During oral argument about venue, the court asked whether a particular statute might affect the parties' positions. Counsel offered to brief that question and did so.

After considering the pleadings, evidence, memoranda of law, and arguments of counsel, I find that the defendants' requests for venue transfer are procedurally barred or waived. If I were to consider the defendants' venue challenges on their merits, the result would be the same; this case would remain in the Circuit Court of the City of Roanoke.

## Posture of the Case

This case is before the court upon the plaintiff's amended complaint, to which each defendant has filed an answer and grounds of defense. According to the amended complaint, the plaintiffs are Argos Utilities Corporation and two Argos subsidiaries, Contracting Enterprises, Inc. (CEI) and Richardson Wayland Electrical Company; Defendant Coleman P. Perrin is a former employee of CEI and of Richardson Wayland; Defendant Wright is Perrin's current employer; and Wright's corporate headquarters are in Chester, Virginia. Perrin lives in Manakin Sabot, Virginia.

The parties agree in their pleadings and arguments that Chester is in Chesterfield County and that Manakin Sabot is in Goochland County. The complaint lists the street addresses of CEI and Richardson Wayland. The parties agree that those addresses are in the City of Roanoke. Having consulted commonly-used maps, the court takes judicial notice of these geographic facts. *See Keesee v. Commonwealth,* 216 Va. 174, 175, 217 S.E.2d 808, 810 (1975).) The complaint states that Argos is a Delaware corporation. When this suit against Perrin and Wright was filed, Argos was the sole plaintiff. Process was issued and was served on each defendant. After being served with Argos's initial complaint, Perrin filed a motion to change venue and an answer; Wright filed an objection to venue, a motion to transfer venue, and an answer.

Argos then sought judicial permission to file an amended complaint and to add plaintiffs. The order granting those requests — endorsed by Perrin's attorney and entered, as Rule 1:13 prescribes, after due notice of the date, time, and place of presentment — provided that "Defendants shall have twenty-one (21) days from the entry of this Order to file responsive pleadings to the Amended Complaint." The amended complaint added CEI and Richardson Wayland as plaintiffs. Each defendant timely filed an answer and grounds of defense to the amended complaint. Neither defendant's pleadings in response to the amended complaint questioned, challenged, objected to, or otherwise mentioned venue.

### *An Amended Complaint Supplants the Pleading It Replaces*

An amended complaint replaces the former complaint, unless the face of the amended complaint clearly demonstrates a different intention. The replaced complaint is, in effect, a nullity.

> When an amended motion for judgment, or amended count thereof, is filed and a comparison of the original and amended pleading shows that the amended motion for judgment, or amended count, was intended as a substitute for the original, the case stands as though the original had never been filed, so far as it relates to the statement of facts.

*Breeding v. Hensley,* 258 Va. 207, 212, 519 S.E.2d 366, 371(1999) (citations omitted); *accord, Lewis v. Kai,* 281 Va. 715, 719, 708 S.E.2d 884, 888 (2011) (quoting *Yuzefovsky v. St. John's Wood Apartments,* 261 Va. 97, 102, 540 S.E.2d 134, 136 (2001)); *see Schuett v. Hanson,* 741 N.W.2d 292, 296 (Wis. App. 2007), *review denied,* 744 N.W.2d 298 (Wis. 2007) ("the original complaint was rendered a nullity when supplanted by the amended complaint.") (Until January 1, 2006, actions at law were commenced by filing a "motion for judgment." Since then, all civil actions are commenced

by filing a "complaint." Rules 3:1 and 3:2; *see also Hawthorne v. VanMarter*, 279 Va. 566, 571, n. 2, 692 S.E.2d 226, 230, n. 2 (2010).)

This principle was articulated by members of Virginia's highest court a century and three-quarters ago:

> I consider the original declaration [complaint] wholly discarded from the cause by the subsequent proceedings. Although the plaintiff had the judgment of the court in his favour upon the demurrer to the original declaration, he did not choose to rest his case upon that; but, with leave of the court, began de novo, and filed an entirely new declaration; one, not purporting to be part of another, but forming a whole within itself, and taking place of the former, just as much as if it had never been filed.

*Power v. Ivie*, 34 Va. (7 Leigh) 147, 151-52 (1836) (Carr, J.). "This amended declaration [complaint] is a substantive one, and takes the place of the original." *Id.* at 151 (Brockenbrough, J.). "[T]he second declaration must be regarded as a new and substantive one, and as a substitute for the first." *Id.* (Cabell, J.).

Logically, as well as in law, a pleading filed in response to a former complaint must be, like the supplanted complaint, a nullity. *See Schuett*, 741 N.W.2d 296.

(A procedural oddity in *Power* might seem to suggest that a response to an original complaint could be considered "alive," even after an amended complaint replaces the first pleading. In fact, while this aspect of the case demonstrates idiosyncrasies of common law pleading, it is not helpful to these defendants. *Power*, 34 Va. 147. In *Power*, the defendant responded to the plaintiff's declaration (*i.e.*, complaint) by filing demurrers and a plea of the general issue, a general denial that the defendant was indebted to the plaintiff. The plaintiff then voluntarily filed an amended declaration, making claims that arose in contract, including a claim for a fixed amount allegedly due. "[A] jury was sworn to try the issue," *Id.* at 149, and the plaintiff received a substantial verdict. In an early-nineteenth-century version of a legal Hail Mary pass, the defendant sought to invalidate the verdict on the basis that juries are supposed to decide "issues joined" between the parties and, "on this amended declaration, the jury [was] sworn to try the issue, when in fact there was no plea pleaded by the defendant to that declaration, and consequently no issue to be tried." *Id.* at 151. The Court held that longstanding authority established that the general denial, unless later withdrawn "stood as a plea to the new declaration," and declined to disturb the verdict. *Id.* Pleas of the general issue have long since been abolished. *See* Rule 3:8(a). And, of course, unlike venue transfer motions under Title 8.01, such common law pleas went to the merits of the plaintiff's claim.

In this case, unlike *Power*, each defendant responded to the amended complaint by filing an answer and grounds of defense.)

The Rules of the Supreme Court of Virginia provide that when the court grants leave to file an amended complaint adding new parties, "[a] ll defendants shall file pleadings in response thereto as required by these Rules unless otherwise ordered by the court." Rule 3:16. Further, "[i]t is well-established that when a new party is brought into a suit by an amended pleading, the suit must be deemed to have been commenced as to him at the time that he was so brought in." *Ahari v. Morrison*, 275 Va. 92, 96, 654 S.E.2d 891, 894 (2008) (citations omitted); *cf.* Va. Code § 8.01-7.

### *Va. Code § 8.01-264 Does Not Excuse*
### *Failure to File Appropriate Pleadings*

To be sure, Virginia Code § 8.01-264 states that venue irregularities are waived unless the defendant objects to venue by motion filed . . . within twenty-one days after service of process commencing the action, or within the period of any extension of time for filing responsive pleadings fixed by order of the court."

Virginia Code § 8.01-264, which is captioned "Venue improperly laid; objection," reads as follows:

> A. Venue laid in forums other than those designated by this chapter shall be subject to objection, but no action shall be dismissed solely on the basis of venue if there be a forum in the Commonwealth where venue is proper. In actions where venue is subject to objection, the action may nevertheless be tried where it is commenced, and the venue irregularity shall be deemed to have been waived unless the defendant objects to venue by motion filed, as to actions in circuit courts, within twenty-one days after service of process commencing the action, or within the period of any extension of time for filing responsive pleadings fixed by order of the court. As to actions in general district courts, a motion objecting to venue, which may be in the form of a letter or other written communication, shall be filed with or received by the court on or before the day of trial. Waiver by any defendant shall not constitute waiver for any other defendant entitled to object to venue. Such motion shall set forth where the defendant believes venue to be proper, may be in writing, and shall be promptly heard by the court upon reasonable notice by any party. The court shall hear the motion only on the basis of the action as commenced against the original defendant and not on the basis of subsequent joinder or intervention of any other party.

> If such motion is sustained, the court shall order the venue transferred to a proper forum under the appropriate provisions of §§ 8.01-195.4, 8.01-260, 8.01-261, and 8.01-262 and shall so notify each party.
>
> B. In the event a party defendant whose presence created venue is dismissed after the parties are at issue, then the remaining parties defendant may object to venue within ten days after such dismissal if the remaining defendants can demonstrate that the dismissed defendant was not properly joined or was added as a party defendant for the purpose of creating venue. However, nothing in this section shall impair the right of the court under § 8.01-265 to retain the action for trial on motion of a plaintiff and for good cause shown.
>
> C. The initial pleading, in any action brought in a general district court, shall inform the defendant of his right to object to venue if the action is brought in any forum other than that specified in §§ 8.01-261, 8.01-262, or § 8.01-263. The information to the defendant shall be stated in clear, nontechnical language reasonably calculated to accomplish the purpose of this subsection.
>
> D. Where a suit described in subdivision 19 of § 8.01-261 is filed in a venue that is not described therein, the court, on its own motion and upon notice to all parties, may transfer the suit to a venue described in such subdivision provided the transfer is implemented within sixty days after service of process upon all parties.

If the defendants had failed to object to venue when they filed pleadings in response to the original complaint, they would be precluded from making venue objections to the amended complaint. Similarly, the same statute's command that the court "hear the motion only on the basis of the action as commenced against the original defendant and not on the basis of subsequent joinder or intervention of any other party" presupposes a motion properly before the court; it does not exempt one who responded to the original complaint from filing responses to an amended complaint. *Id.* (As noted, the order allowing filing of the amended complaint gave each defendant twenty-one days within which to file pleadings in response to the amended complaint. Any defendant who fails to timely file a responsive pleading is in default. Rule 3:19.)

To echo Justice Compton, "[s]urely, if the General Assembly had intended [§ 8.01-264 to excuse defendants from having to file venue objections to amended pleadings,] it would have included language to effect that purpose. This has not been done." *Catron v. State Farm Mut.*

*Auto. Ins. Co.*, 255 Va. 31, 38-39, 496 S.E.2d 436, 439 (1998). And courts, of course, "are not free to add [to] language . . . contained in statutes." *BBF, Inc. v. Alstom Power, Inc.*, 274 Va. 326, 331, 645 S.E.2d. 467, 469 (2007) (bracketed word in original).

### Construing Statutes Consistently

An interpretation of § 8.01-264 that exempted defendants from having to file venue objections to amended pleadings also would conflict with another statute, Virginia Code § 8.01-276.

That statute and the current venue statutes, Va. Code §§ 8.01-257 to 8.01-267, were enacted in 1977 as part of the revision and recodification of Title 8 into Title 8.01 of the Virginia Code. Under Code § 8.01-276, a defense that could have been made by plea in abatement is to be made by written motion, "within the time prescribed by the Rules of the Supreme Court." *Id.*

The relevant provisions of § 8.01-276 read:

> Any defense heretofore required or permitted to be made by plea in abatement may be made by written motion stating specifically the relief demanded and the grounds therefor. Except when the ground of such motion is the lack of the court's jurisdiction over the person of an indispensable party, or of the subject matter of the litigation, such motion shall be made within the time prescribed by Rules of the Supreme Court.

> If the motion challenges the venue of the action, the movant shall state therein why venue is improperly laid and what place or places within the Commonwealth would constitute proper venue for the action.

Until the adoption of Title 8.01, the claim that venue was "improperly laid" could be made by plea in abatement. *See Texaco, Inc. v. Oaks*, 214 Va. 676, 204 S.E.2d 250 (1974); *Southern Sand & Gravel Co. v. Massaponax Sand & Gravel Corp.*, 145 Va. 317, 330-31, 133 S.E. 812, 816 (1926) (case would have been transferred if plea in abatement properly had been filed. Proper pleading was not timely filed; court in which case was filed thus properly entered judgment.).

When a controversy involves more than one statute, " 'they should be read and construed together in order to give full meaning, force, and effect to each' . . . '[T]hey should be harmonized, if at all possible, to give effect to both'." *Conger v. Barrett*, 280 Va. 627, 631, 702 S.E.2d 117, 118 (2010) (internal citations, quotation marks, and alterations omitted). This court's reading gives effect to both statutes. Any reading of § 8.01-264

that exempts defendants from having to file pleadings challenging venue "within the time provided by the Rules of the Supreme Court" after service of an amended complaint would fail to give meaning, force, and effect to § 8.01-276.

The defendants were required to file any venue objections or motions within twenty-one days after the entry of the order granting leave to file the amended complaint. They did not do so; they timely filed pleadings responding on the merits to the amended complaint; they did not ask the court for additional time within which to file responsive pleadings challenging venue. They have therefore waived any right to ask the court to transfer venue. Put differently, that right has been procedurally defaulted.

I do not consider the plaintiff's argument that the defendants waived the right to object to venue under Va. Code § 8.01-261(15). *See* Plaintiff's Mem. in Opposition to Defendants' Mot. to Tr. Venue, at 3. The defendants did not raise this question, but, like the plaintiff, responded when the court asked them to, and the plaintiff will not be heard to say that the defendants should not have done so. Further, the court's decision has rendered this argument moot.

### The Merits of the Venue Challenges

The parties scheduled a hearing at which they presented evidence and arguments about whether venue in this case should be transferred. During that hearing, I noted that the plaintiff seeks injunctive relief as well as an award of money and asked about the possible effect of the issues being argued of Va. Code § 8.01-261(15)(c), which establishes the "preferred venue" for suits for injunction. Counsel offered to brief the question.

After being notified by counsel that the questions presented were ripe for decision (a matter further discussed below), I considered the evidence presented, the arguments made by counsel, orally and in writing, and the applicable statutes and decided cases. Not until beginning to state the facts of the case for this opinion letter did I focus on the pleadings, realize that venue questions seemed to have been procedurally defaulted, and research and write the previous sections of this opinion letter.

"But," as Judge Brockenbrough wrote, "if I am wrong in this view of the proceedings," I am of the opinion that, on the merits, the defendants' venue challenges would, at any rate, be denied. *See Power*, 34 Va. at 151.

### A. The Injunction Request

The plaintiff and defendant Wright correctly point out that, under settled authority, Va. Code § 8.01-261(15)(c) does not establish a "preferred venue" ("Category A venue") for this suit. *See Winston v. Midlothian Min. Co.*, 61 Va. (20 Gratt.) 686 (1871).

The relevant language of § 8.01-261 reads:

In the actions listed in this section, the forums enumerated shall be deemed preferred places of venue and may be referred to as 'Category A' in this title. Venue laid in any other forum shall be subject to objection; however, if more than one preferred place of venue applies, any such place shall be a proper forum. The following forums are designated as places of preferred venue for the action specified. . . .

15. In proceedings to award an injunction:

a. To any judgment or judicial proceeding of a circuit court, venue shall be in the court in the county or city in which the judgment was rendered or such proceeding is pending;

b. To any judgment or judicial proceeding of a district court, venue shall be in the circuit court of the county or city in which the judgment was rendered or such proceeding is pending; or

c. To any other act or proceeding, venue shall be in the circuit court of the county or city in which the act is to be done, or being done, or is apprehended to be done or the proceeding is pending.

In *Winston*, the Court explained that the request for an injunction was "merely ancillary to the other and principal relief prayed for" by the plaintiff. "Our opinion is," the Court explained:

that section 4, ch. 179, of the Code, does not apply to a case like this; but applies only to what may be called a pure bill of injunction: that is to say, to a bill which has no other object than an injunction. It is hardly necessary to add, that if it should appear in any case that the prayer for other relief beyond the injunction is merely colorable, and thrown in to give jurisdiction, it will not be allowed to take the case out of the provision of section 4, ch. 179, of the Code.

*Id.* at 690. *Accord, Poole v. Poole*, 210 Va. 442, 445, 171 S.E.2d 685, 687 (1970). The language of the statute construed by the *Winston* court is essentially the same as that contained in current Va. Code § 8.01-261(15).

Jurisdiction of a bill for an injunction to any judgment, act, or proceeding shall be in a circuit, county, or corporation court of a county or corporation in which the judgment is rendered or the act or proceeding is to be done or is doing or is apprehended, except that a county or corporation court shall

not award an injunction to a judgment or proceeding of any other court.

Code of Virginia (1849), Ch. 179, § 4.

Argos seeks substantial compensatory and punitive damages; the prayer for a prohibitory injunction, contained in a single sentence at the end of the amended complaint, is at best secondary and subordinate. The amended complaint in this case is not a pure bill of injunction. *See Winston*, 68 Va. at 690.

Defendant Perrin, noting that "the controlling Virginia authority construing Va. Code 8.01-261 is admittedly antiquated," Def. Coleman P. Perrin's Supp'l Mem. in Support of Mot. to Tr. Venue, at 3, suggests that *Norfolk & W. Ry. v. Postal Tel. Cable Co.*, 88 Va. 932, 14 S.E. 689 (1892), states the "better rule." Perrin's Supp'l Mem., at 3. That case, however, is factually distinguishable. After Postal Telegraph had instituted condemnation proceedings against the railroad in Sussex County seeking to condemn railroad right-of-way in that county, N. & W. filed suit in the City of Richmond, asking the judge in Richmond to enjoin Postal Telegraph from going upon the land in Sussex County that was the subject of the Sussex County condemnation suit. *Postal Tel.*, 88 Va. at 933. The opinion in *Postal Telegraph* contains discussion of discovery requests, apparently first made in the Suffolk case, and principles of discovery in chancery suits in 1892. From the perspective of the early twenty-first century, *Postal Telegraph Cable Co.* seems like an extraordinarily ambitious effort at judge-shopping.

B. *Evidence on Permissive Venue*

Defendant Coleman P. Perrin testified at the hearing on the venue motions. His testimony and the exhibit admitted in evidence at that hearing (which shows that, on sixty separate occasions between April 27 and November 12, 2009, Perrin purchased food or supplies in Roanoke or, once or twice, traveling between Roanoke and Richmond and that he spent some twenty-three nights in Roanoke area motels from February 2009 through March 2010, all on business trips related to the matters set forth in the amended complaint) would alone be enough to satisfy the court that Perrin regularly conducted business in the City of Roanoke and that the cause of action arose in the City of Roanoke. *See* Virginia Code §§ 8.01-262(3) and 8.01-262(4). The pleadings and the parties' concessions also demonstrate that records located in the City of Roanoke will be material to the trial of this case and, likely, significant to case's outcome.

Venue is, at a minimum, proper as to Perrin. When a case involves multiple parties, "venue shall not be subject to objection . . . if the venue is proper as to any party." Va. Code § 8.01-263(2).

## C. *Forum Non Conveniens*

Virginia's statutory scheme offers a plaintiff the choice of forum in which to bring his action. *Norfolk & W. Ry. Co. v. Williams*, 239 Va. 390, 392, 389 S.E.2d 714, 715 (1990). While a "presumption of correctness attaches to a plaintiff's choice of forum, it is not absolute." *Id.* at 394. A case properly filed in one court may be transferred to another 'fair and convenient forum' on a showing of good cause. Code § 8.01-265." *Id.* at 392-93.

> The transfer decision is within the court's discretion, and, as with other discretionary acts, there is no clear formula which can be mechanically applied. Circumstances ordinarily considered in motions to transfer on the basis of *forum non conveniens* include relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive. The General Assembly has provided additional guidance by defining "good cause" as including but not limited to "the avoidance of substantial inconvenience to the parties or the witnesses." Code § 8.01-265.
>
> Careful consideration of the facts, a balancing of the competing interests, and an analysis of the appropriate principles must be undertaken in each case. The forum chosen as a result of this process should be one which insures the ability of the plaintiff to prosecute his cause free from any suggestion of abuse of the venue provisions.

*Id.* at 393.

This is not a case like *Williams*, in which the presumption in favor of the plaintiff's choice of forum was overborne. In *Williams*, venue was technically permissible only because "N. & W.'s railroad tracks [ran] through Portsmouth, requiring N. & W. to engage in business in that city." *Id.* The plaintiff, Williams, was an N. & W. employee injured "in the regular course of his duties at the 24th Street Caller's Office," in the City of Roanoke. *Id.* He sued N. & W. under the provisions of the Federal Employers Liability Act, 45 U.S.C. 51-60. *Williams*, 239 Va. at 391. "Not one potential witness," the Supreme Court noted, "was from Portsmouth." *Id.* at 395. "The injury arose in Roanoke. N. & W.'s registered agent and principal headquarters were located in Roanoke. All of the known potential witnesses with the exception of one [a Richmond physician], were residents of Roanoke. The

plaintiff was employed by N. & W. at an office in Roanoke." *Id.* at 396. The trial court had "sufficient information to show good cause to transfer, including substantial inconvenience to the parties and witnesses, as well as indications of a forum originally selected for 'not simply justice, but perhaps justice blended with some harassment'." *Id.* (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 507 (1947)). The trial court abused its discretion by failing to transfer venue.

In this case, unlike *Williams*, there is a practical nexus with the forum in which suit was filed; the court expects that witnesses at trial will include persons from Roanoke as well as other persons who will be subject to compulsory process. Whether the case is tried in Roanoke or in Chesterfield or Goochland County, some persons necessarily will be inconvenienced. (The plaintiff has offered to arrange to take any third-party witness's deposition in the locality in which the witness lives or works. I consider the plaintiff bound by that offer, subject to any objection by defendants.) The arguments and representations of counsel leave me unpersuaded that venue transfer is necessary to provide a fair and convenient forum for the trial of the case. No facts have been proffered to support a suggestion of abuse of the venue process. And, the plaintiffs are entitled to the presumption of correctness that attaches to their choice of forum.